Bryson *vs.* Chisholm.

JEFFERSON BRYSON, plaintiff in error, *vs.* J. PERRY CHIS-
HOLM, defendant in error.

1. Where it is sought to make property liable upon the ground that it was paid for with the money of the defendant in *fi. fa.*, though title was taken to claimant, his father; and it was replied that the land was given by defendant to claimant prior to date of plaintiff's judgment, it was error for the court to ignore the gift in its charge, and to confine the jury solely to the question as to who paid for the property.

2. When an erroneous charge is alleged to have been made by the court in a bill of exceptions, and the judge certifies the same as true, and the entire charge of the court is not in the record, this court will not presume that the erroneous charge was subsequently qualified so as to obviate or cure the alleged error unless the judge shall specially certify that such was the fact.

3. It is incompetent for a witness to state the "idea" of parties in making a contract. He must state the facts, and let the jury draw their own conclusions.

Levy and sale. Claim. Charge of Court. Evidence. Before Judge RICE. Gwinnett Superior Court. December Adjourned Term, 1875.

The facts of this case are reported in the decision.

WINN & SIMMONS, for plaintiff in error.

CLARK & PACE; E. P. HOWELL, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the property levied on subject to the plaintiff's *fi. fa.* A motion was made for a new trial on the several grounds set forth therein, which was overruled by the court, and the defendant excepted.

1. The main controlling question in the case, under the evidence in the record, was whether Jefferson Bryson, the claimant, held the land levied on under the deed executed on the 20th of April, 1864, to him as a gift from his son, Thomas M. Bryson, the defendant in execution, or whether he held the title to the land in trust for his son, the defendant. The court charged the jury, amongst other things, "In this case, if the

Bryson *vs.* Chisholm.

defendant, Thomas Bryson, purchased and paid for the land and procured the title to be made to his father, Jefferson Bryson, the claimant, the law implies a trust in favor of Thomas M. Bryson, and whilst Jefferson Bryson, the claimant, holds the title, the beneficial interest is in the defendant, Thomas M. Bryson, and is liable and subject to the payment of his debts." This charge of the court decided the whole matter in controversy between the parties, so far as the question of a gift of the property was concerned. The effect of the charge was to exclude from the consideration of the jury all the evidence in relation to a gift of the land by Thomas M. Bryson to his father, the claimant, and was error, in view of the evidence contained in the record.

2. It is true, that the judge, in an explanatory note to the bill of exceptions, states that the portion of the charge excepted to is only a part of the general charge of the court, (the entire charge not being set forth in the record) and it is insisted that this court is bound to presume that the portion of the charge not excepted to was correct, and such is undoubtedly the general rule. But here is a specific charge of the court complained of which is vital to the claimant's case, and as that charge is stated in view of the evidence in the record, it is manifest error. When the court has not made the charge, as alleged, or qualifies it by other portions of the charge so as to obviate or cure the alleged error, then the judge may refuse to certify the bill of exceptions and return the same, as provided by the 4257th section of the Code, or the judge may state, if he chooses to do so, what he did charge in relation to the grounds of error complained of in addition to the charge set forth, qualifying, or explaining the same, if such be the truth of the case. When an erroneous charge is alleged to have been made by the court in a bill of exceptions, and the judge certifies that such a charge is true, and the entire charge of the court is not in the record, this court will not presume that the court qualified that erroneous charge in its general charge so as to obviate or cure the alleged error, unless the judge shall specially certify that such was the fact.

3. A portion of the testimony of F. M. Jack was excepted to, and as there is to be a new trial in the case, we will express our opinion in relation to its admissibility. The witness, after stating that he and the defendant, T. M. Bryson, having been partners in business, suspended the same in 1864, and divided the property, said that T. M. Bryson wanted to go north, and was in fear his land would be confiscated, and said he would deed him his half of the land if witness would deed the whole of it to his father, Jefferson Bryson, which witness did, making a deed to the whole of the land to Jefferson Bryson, but receiving no money from him; "the idea was that the old man could protect the property whilst T. M. Bryson was gone if he should have to leave the country." This latter part of the testimony of the witness was objected to, but was admitted by the court. In our judgment, the better and safer rule was to have excluded the testimony. When the witness states what "the idea was," he states what was his own idea, his own conclusion. Let him state what was said and done at the time, and leave the jury to have their own ideas, and draw their own conclusions therefrom; their ideas may be different from those entertained by the witness.

Let the judgment of the court below be reversed.