ARCHIBALD A. GRIGGS, plaintiff in error, *vs.* BENJAMIN STRIPPLING, defendant in error.

The special remedy provided for, by section 1970 of the Code, is not available to a person taking an absolute deed to land as security for a debt, where no bond for titles has been given to reconvey upon payment of the debt.

Lien. Debtor and creditor. Before Judge KNIGHT. Cobb Superior Court. November Term, 1876.

Strippling brought complaint against Griggs. He alleged, in brief, as follows:

Defendant is indebted to him in the sum of $220.00, besides interest, on two notes, (fully described). At the time said notes were made, defendant, by consent of his wife, executed to plaintiff a deed in fee simple to lot 384, in the 19th district and second section of Cobb county. Plaintiff verbally promised to reconvey on the payment, at maturity, of the amounts due on said notes. It was the contract, that upon said notes not being paid at maturity, said land should

vest absolutely in plaintiff, under §§1969 and 1970 of the Code. Said obligations have matured, and have not been met.

Plaintiff has filed his deed of reconveyance under the sections aforesaid, and prays judgment that the land may be sold as under said act provided, and the proceeds applied to the payment of said notes. He prays process, etc.

Defendant demurred to all that part of the declaration which sought to obtain a special verdict giving and securing to the plaintiff a special lien upon the land mentioned. The demurrer was overruled, and the defendant excepted.

The defendant pleaded the general issue, and specially, that the plaintiff ought not to have and maintain his action, because defendant's wife did not join in the execution of the deed, or consent to the same.

Plaintiff testified that defendant told him that his wife consented to the execution of the deed, and that it made no difference, as he was his own man, and made such trades as he pleased. Also, that he did not execute to defendant any bond for title; that the latter asked him to do so, but he declined; that he, nevertheless, told defendant that he would go before one Hammett and tell him that when defendant paid him (plaintiff) the money, then he would deed the property back to defendant; that plaintiff did so tell Hammett.

Defendant testified that his wife never consented to the execution of the deed to plaintiff, but refused to do so, and advised him not to make the same; that he did not recollect testifying in the court of ordinary that his wife consented to the execution of the deed; that he never so told plaintiff.

The plaintiff, Barber and Hammett, testified that they heard defendant swear in the court of ordinary that his wife consented to the execution of the deed to plaintiff, to secure him in lending the money.

The deed from defendant to plaintiff was also introduced.

The jury found for the plaintiff $180.00, interest and

costs of suit, with special lien on lot of land 384, in the 19th district, etc.

The defendant moved for a new trial upon the following, amongst other grounds:

1st. Because the court erred in overruling the demurrer aforesaid.

2d. Because the court erred in the admission in evidence of the deed from defendant to plaintiff, over the following objections: 1. That it was irrelevant to any legal issue in the case. 2. Because it did not appear that defendant's wife signed the same, or consented thereto.

3d. Because the court refused to charge the jury, that plaintiff was not entitled to the lien and security provided for in §§1969 and 1970 of the Code, unless it was shown by the testimony that plaintiff had executed a bond for title back to the defendant, and unless it was shown by the testimony that the consent of defendant's wife to the deed, had been obtained.

4th. Because the verdict was contrary to the charge, that the jury could find for the plaintiff the amount due on the notes sued on, with interest and costs of suit, and that the deed was executed to secure the payment of said notes, but they could go no further.

The motion was overruled, and defendant excepted.

IRWIN & McCLATCHEY, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

At least two radical misconceptions of law are apparent on the face of the declaration. The first is in the notion that sections of the Code 1969 and 1970 apply. The second is in the notion that where those sections do apply, the deed of re-conveyance provided for is to be made before judgment is obtained upon the debt. According to the plain words of the sections, their provisions are applicable to land only

when there is a bond for title, as well as an absolute deed—the bond from one party, and the deed from the other. Here there was a deed, but no bond. Again, section 1970, which was modeled upon section 3654, plainly contemplates that the creditor shall retain the title until judgment is rendered. The title is his security, and if he parts with it to the debtor before obtaining judgment, he lets go his special security, and leaves the judgment to operate as a general judgment only. These views dispose of the case without ruling on any of the minor questions made in the record. The verdict as to the debt is substantially correct, and ought to stand; but as to any special lien enforcable in this action, the verdict is contrary to law, and should be set aside. A new trial is not needed, but only a modification of the verdict and judgment as here indicated. It may be that in a proper proceeding, the plaintiff below may still use his title to recover the land, or to enforce payment of the debt, but that question is not before us, and on it we do not volunteer an opinion.

Judgment reversed in part, with directions.