## HENRY et al. v. MCALLISTER.

1. Under the evidence in the record, the debt in controversy was apparently infected with usury. Without some explanation from the payee of the notes, either as to the value of services rendered or as to some agreement in respect to the amount of compensation therefor, the gross sum mentioned by him in his testimony as covering his charge for the services and for interest on the loan, together with his telling the borrower that she would have to pay a high rate

| 93 | 667 |
| 97 | 663 |
| 93 | 667 |
| 99 | 527 |
| s99 | 557 |
| 99 | 594 |
| 93 | 667 |
| 100 | 793 |
| 93 | 667 |
| 106 | 41 |
| 93 | 667 |
| 109 | 309 |
| 93 | 667 |
| 114 | 413 |
| 114 | 414 |
| 93 | 667 |
| 117 | 75 |
| 93 | 667 |
| 119 | 516 |
| 93 | 667 |
| 120 | 401 |
| 93 | 667 |
| 122 | 675 |

of interest, and his naming 12 per cent. as the rate which others would charge him, would indicate that he intended to, and did, charge more than 8 per cent.

2. While the transfer of negotiable promissory notes secured by an absolute conveyance of land made under section 1969 *et seq.* of the code, although the transfer be made by indorsement of the payee without recourse upon him, will not discharge the land from the incumbrance placed upon it by the deed, yet a mere written transfer, indorsed upon the deed, of the deed itself and the rights of the grantee therein (the payee of the note) will not pass title to the land out of him and into the indorsee of the notes, so as to enable the latter to convey the land back to the debtor who executed the deed to secure the notes. Consequently, under such circumstances, a verdict in a suit upon the notes, and judgment thereon, should not find and declare unconditionally that the plaintiff has, or shall have, a special lien on the land for the payment of the judgment, but only that he shall have such lien provided he shall procure a proper conveyance to be made by the grantee in the security deed conformably to his bond for titles, and have the same duly filed and recorded before causing the land to be levied upon. In the present case, no bond for titles is either alleged or proved, and consequently, it is uncertain whether the provisions of the code were pursued in taking the security deed.

April 2, 1894. Argued at the last term.

Complaint on notes. Before Judge McWhorter. Morgan superior court. August term, 1892.

CALVIN GEORGE, by brief, for plaintiffs in error.
W. R. MUSTIN, by brief, *contra.*

LUMPKIN, Justice.

. Antoinette and George Henry made and delivered to Butler three promissory notes, payable to him or his order; and to secure the same, Antoinette Henry made a deed, under section 1969 *et seq.* of the code, conveying to Butler certain lands. Afterwards Butler, in writing, transferred the notes and the deed, without recourse, to Hunter, who subsequently, in a similar manner, transferred the notes and the deed to the plaintiff, McAllister. The transfer upon the deed signed by Butler was in the following words: "For value received, I hereby sell, assign and transfer the within deed to secure a

debt, and also the debt to secure which the within deed was given, with all and singular the rights and privileges thereto belonging, to J. H. Hunter, without recourse on me in any manner." The transfer on the same deed signed by Hunter was in these words: "For value received, I hereby sell, assign and transfer the within deed to Jas. McAllister, without recourse on me in any manner." McAllister brought an action on the notes against the two Henrys, and prayed therein, not only for a general judgment for the amount of the notes, but also for a special lien on the land described in the deed. Antoinette Henry pleaded, in addition to the general issue, that the notes were given for the debt of her husband George Henry, and that she signed them as security for him; and further, that the notes were infected with usury, alleging that while they were given for the sum of $200.00 in the aggregate, George Henry received only $160.00 of that amount, and that Butler reserved the other $40.00 as interest for one year. The jury found for the plaintiff the full amount of the notes, and also, that the plaintiff was entitled to a special lien on the land; and judgment was entered accordingly. The motion for a new trial contains several grounds, but the case turns upon the propositions announced in the head-notes, in which we have endeavored to condense a fair statement of the law and the facts applicable.

1. According to the testimony of Butler himself, we think a *prima facie* case of usury was made out. He testified that he loaned $200.00, but immediately received back $40.00 of the amount. The $40.00, he stated, went to pay for services he had rendered Antoinette Henry in behalf of one Luther Hester, who was in Atlanta under indictment for a crime; for investigating the title to the land given as security for the loan; and for interest on the money. The loan was for only one year, and Butler failed in his testimony to explain how

much of the $40.00 was in payment for his services, and how much for interest on the loan. He did, however, state to Antoinette Henry that he would himself have to borrow the money to lend to her and would have to pay 12 per cent. on it, and said she would have to pay him a high rate of interest. His statements would certainly indicate that he intended to, and did, charge more than 8 per cent. interest; and in the absence of any explanation to the contrary, either as to the value of the services he rendered or as to any agreement in respect to the amount of compensation he was to receive therefor, we think the jury ought to have found that the notes were infected with usury; and it would result as a consequence that the deed given to secure the payment of the same was void.

2. It was insisted for the defendants below that the transfer by Butler of the notes to Hunter discharged the land from the incumbrance placed upon it by the deed of Antoinette Henry, and that Hunter and his transferee, McAllister, simply occupied the position of an ordinary creditor without security. In support of this contention, counsel cited *Cade* v. *Jenkins*, 88 *Ga.* 791; but in our judgment, that case is not applicable to the case at bar. There it was held that: "Where a vendor of land takes notes for the purchase money, securing their payment by reservation of title in himself, which notes he afterwards transfers without recourse and without any transfer of the reserve title to a third party, this operates as a payment of the purchase money, the vendee's equity becomes complete, and the vendor ceases to hold any interest in the land." The cases there cited support the doctrine announced. In the case now before us, however, the deed was given simply to secure the debt, and we are at a loss to perceive how a mere transfer of the debt itself would defeat the security. Indeed, in *Hunt* v. *New England Mortgage Security Company*, 92 *Ga.* 720,

19 S. E. Rep. 27, it was held that where a deed was given under the provisions of section 1969 *et seq.* of the code, to secure the payment of a promissory note, and the original payee afterwards transferred the note without recourse, at the same time conveying to the assignee the title to the land described in the security deed, the latter was entitled to all the rights of the original payee of the note, and all the remedies for enforcing the same. The principle of the latter case is applicable here, with the exception that the effort of Butler to pass the title to the land to Hunter—which doubtless was Butler's intention—was ineffectual. We are quite sure that neither the transfer indorsed upon the deed and signed by Butler, nor the transfer similarly indorsed and signed by Hunter, passed any title to the land. Whatever equity might have resulted from these transfers, the legal title still remains in Butler. Therefore, McAllister, not having the title, is unable to convey the land back to Antoinette Henry. Under these circumstances, the jury were not authorized to find, nor the court to adjudge unconditionally, that the plaintiff was entitled to a special lien on the land for the payment of the judgment. If the plaintiff is entitled to recover at all against the defendant Antoinette Henry, and the debt is free from usury, the verdict and judgment should declare that he shall have a special lien on the land upon condition that he shall procure a proper conveyance to be made by Butler to Antoinette Henry in conformity to his bond for titles (if, in fact, Butler gave her a bond for titles), and that the plaintiff shall have this conveyance duly filed and recorded before causing the land to be levied on. As the deed recites that it was made under section 1969 *et seq.* of the code, presumably a bond for titles was given, though the record now before us fails to disclose the truth in this regard. If such a bond was in fact given, the above outlines the proper

course to be pursued by the plaintiff if he establishes his right to a recovery from Antoinette Henry, and his right to have a special lien upon the land. If no bond for titles was given, the provisions of section 1969 of the code were not pursued in taking the security deed, and in consequence, the special remedy provided by section 1970 would not be available. *Griggs* v. *Strippling*, 59 *Ga.* 500.    *Judgment reversed.*