## GEORGE *v.* McALLISTER.

This case is controlled by the decision of this court in the case of *Swift* v. *Dederick*, this day rendered.

Argued October 18, — Decided November 27, 1898.

Levy and claim. Before Judge Hart. Morgan superior court. March term, 1898.

*J. D. Kilpatrick*, for plaintiff in error.
*W. R. Mustin*, contra.

COBB, J. On December 1, 1887, Antoinette and George Henry executed and delivered to Butler three promissory notes, and a deed to certain land to secure the payment of the same. On November 20, 1888, Butler indorsed upon the deed the following entry: "For value received, I hereby sell, assign, and transfer the within deed to secure a debt, and also to secure which the within deed was given, with all and singular the rights and privileges thereto belonging, to J. H. Hunter, without recourse on me in any manner." On November 6, 1889,

J. H. Hunter indorsed upon the deed the following: "For value received, I hereby sell, assign and transfer the within deed to Jas. McAllister, without recourse on me in any manner." The notes were also transferred by Hunter to McAllister. On February 10, 1891, McAllister brought suit against Antoinette and George Henry upon the three notes, the petition alleging the facts above stated, and praying for a general judgment against the defendants, and also for special lien upon the land in controversy. The defendants pleaded that the deed was infected with usury. Two trials of the case were had. Upon the first trial the jury found in favor of the plaintiff, and that a special lien upon the land be set up as prayed. The defendants made a motion for a new trial, which was overruled, and the case came to this court, where a new trial was granted. *Henry* v. *McAllister*, 93 *Ga.* 667. On March 9, 1895, after the decision was rendered by this court, Antoinette Henry executed and delivered to Calvin George a deed conveying the land in controversy, to secure a debt which she owed him. Subsequently to the execution of this deed the case came on for trial again, and resulted in a verdict in favor of the plaintiff. A motion for a new trial was overruled, and the case came again to this court, when the judgment was affirmed. *Henry* v. *McAllister*, 99 *Ga.* 557. After the affirmance of the judgment by this court, an execution from the judgment entered upon the second verdict was issued, and a deed by Butler conveying the land to the defendants for the purpose of levying the execution thereon was filed and recorded, and the execution was levied upon the land. Calvin George interposed a claim, alleging in his claim affidavit that the deed from Antoinette and George Henry to Butler was void for usury. At the trial the claimant assumed the burden of proof and introduced in evidence a deed showing title in Antoinette Henry, and also the deed from Antoinette Henry to claimant, and the agreement by the claimant to reconvey the land to her upon payment of the note. The plaintiff introduced the deed from Antoinette Henry to Butler, and the notes to secure which it was given, and also the judgment against Antoinette Henry and George Henry and the pleadings and verdict upon which it was based. The jury, by

direction of the court, rendered a verdict finding the property subject. The claimant made a motion for a new trial, which was overruled, and he excepted.

George having purchased the property while the suit in which McAllister was seeking to enforce a lien upon the land now in controversy was pending, whatever interest he acquired under the deed was subject to the rights of McAllister as finally determined by the judgment rendered in the litigation with Antoinette and George Henry. *Swift* v. *Dederick*, ante, 35. The matter in controversy between McAllister and the Henrys was, whether the Henrys owed McAllister, and if so, whether McAllister had the right to enforce the payment of the debt by a sale of the land which he described in his petition. The pending suit was notice to George of the controversy. If the suit finally resulted in a judgment declaring that McAllister had the right which he was contending for, it is immaterial upon what ground such right was granted to him, so far as the binding effect of the judgment upon the Henrys and purchasers pendente lite from them were concerned. A judgment, as in this case, that the plaintiff was entitled to the rights claimed in the pleadings because the defendants were estopped from setting up, as against him, the plea of usury, is just as conclusive upon the defendant in the case and purchasers pendente lite from him as if the judgment had been that there was no usury in the transaction.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent, and Lewis, J. disqualified.*