GODLEY *et al. v.* BARNES.

ATKINSON, J. 1. Where both parties to an action of ejectment claimed to have title by prescription, the plaintiffs asserting a possession under color of title for seven years, and defendants setting up adverse possession for twenty years, it was error prejudicial to the plaintiffs to charge that if they were in possession for seven years or more, that would give them a good prescriptive title, "unless prior to that time there was another good title outstanding against them." This was calculated

33

to lead the jury to believe that adverse possession for seven years under color of title would not avail against the holder of a prior outstanding title.

2. Where a defendant in ejectment claimed to have prescriptive title by virtue of twenty years adverse possession of the land in dispute by himself and those under whom he held, if he showed possession of the land in one under whom he claimed, it was competent to show acts or declarations on the part of such person characterizing his possession as adverse. And for that purpose it was admissible to prove that, while in possession, he brought suit in assumpsit against a person who had boxed for turpentine pine trees on the land, though a stranger to the title of the plaintiff in ejectment; but the record of such a suit would not be admissible as showing a conclusive adjudication of title, or as proving the truth of the facts alleged by the plaintiff therein; nor would the mere fact of the rendition of a judgment in such a case be relevant; nor would it be a part of the assertion or claim of title made by the plaintiff in such suit.

3. If the declaration in the former suit was otherwise admissible as being in the nature of an assertion or act characterizing the possession of the plaintiff therein as adverse, and if the description of the land in such declaration was general in character, but might have been applicable to the land in controversy in the ejectment case, it was competent to show by parol that the trees claimed to have been boxed were located on the land involved in the ejectment suit, in the nature of applying a declaration or assertion to its subject-matter by showing the circumstances in connection with which it was made.

4. As the evidence on the next trial may not be the same, other questions dependent upon the evidence will not be dealt with.

5. As the judge who presided on the hearing of the motion for new trial, in the opinion filed by him in connection with overruling the motion, referred to the general charge, and it did not appear in the record, an order was passed by this court directing the clerk of the superior court to transmit the entire charge of the court. In accordance with this order a transcript of the charge has been forwarded by the clerk of the trial court; but it appears from the certificate thereto attached that it was written out by the official stenographer after the order was passed by this court, and was then agreed upon by counsel as being correct, and the clerk certified that the original charge of the court was either lost or mislaid or had never been filed. *Held*, that such charge thus transmitted can not be considered by this court. Only a record or portion thereof already existing when the case is brought to this court can be required to be thus transmitted. An addition can not afterwards be made to the record and then sent to this court. *Lyndon* v. *Ga. Ry. & El. Co.*, 129 *Ga.* 353, 362 (58 S. E. 1047).

6. The erroneous charge dealt with in the first headnote was positively certified to have been given. There was no qualification by the judge who presided at the trial and approved the grounds of the motion, and it does not affirmatively appear that the erroneous charge was subsequently qualified so as to obviate or cure the error therein. The statement of the judge who presided on the hearing of the motion for

new trial, in the opinion filed by him, that "the exceptions to the charge disappear before a reading of the charge in its entirety," was merely an expression of opinion, and not a certificate of any qualification or modification of the charge to which exception was taken. *Bryson* v. *Chisholm*, 56 *Ga.* 596.

*Judgment reversed. All the Justices concur.*

Argued January 12,—Decided April 19, 1909.

Ejectment.   Before Judge Cann.   Motion for new trial before Judge Charlton.   Chatham superior court.   March 6, 1908.

*Osborne & Lawrence* and *E. H. Abrahams,* for plaintiffs.

*James R. Cain* and *William P. Hardee,* for defendant.