## SHELTON *v.* THE STATE.

GEORGE, J.   1. In a prosecution for homicide the accused contended that the deceased, at the time of the homicide, was making a felonious assault upon his person. In his instructions to the jury the court charged that justifiable homicide is the killing of a human being in self-defense or in defense of the person against one who manifestly intends or endeavors by violence or surprise to commit a felony upon the person killing, as provided in the Penal Code of 1910, § 70. In defining the term "felony," the court charged that "a felony is an offense punishable by death or imprisonment in the penitentiary, and not otherwise." The exception to the charge is that "the term 'felony' means an offense for which the offender, on conviction, shall be liable to be punished by death or imprisonment in the penitentiary, and not otherwise," as defined in the Penal Code of 1910, § 2. *Held*, that the failure of the court, in the absence of request, to instruct the jury that certain felonies, among them assault with intent to murder, might be punished as for a misdemeanor, in the circumstances stated in the Penal Code, § 1062, is not reversible error.

2. The failure of the court to give in charge, in connection with pertinent and legal instructions given, other instructions claimed to be legal and pertinent, there being no request for such further instructions, is not a good assignment of error. See *Cantrell* v. *State*, 141 *Ga.* 98, 99 (80 S. E. 649) ; *Booker* v. *State*, 16 *Ga. App.* 280 (85 S. E. 255).

3. The evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent on account of sickness.*

No. 1735. MARCH 9, 1920.

Indictment for murder. Before Judge Tarver. Bartow superior court. October 11, 1919.

*C. C. Pittman* and *W. B. Mebane,* for plaintiff in error.

*Clifford Walker, attorney-general, Joseph M. Lang, solicitor-general,* and *M. C. Bennet,* contra.