### PEEPLES *v.* RUDULPH *et al.*

FISH, C. J. This is a statutory complaint for land. The plaintiffs rely on prior possession and adverse possession for seven years under color of title. To the petition is attached an abstract of title as follows: Deed from W. B. Thomas, trustee, to W. R. Bunkley, dated in 1854; deed from W. R. Bunkley to the heirs at·law of R. D. Fox, dated in 1894; deed from Robt. Fox et .al., "heirs at law of R. D. Fox," to J. H. Rudulph, dated 1919; deed from J. H. Rudulph to plaintiffs, dated in 1919; and adverse possession by plaintiffs and those under whom they claim for more than seven years prior to the filing of the suit. Defendant demurred to the petition, on the ground that its allegations considered in connection with the abstract did not show title in the plaintiffs, and therefore did not set forth a cause of action. *Held:*

1. The demurrer was properly overruled. Even if the deed from Robt. Fox et al., "heirs at law of R. D. Fox," is not to be interpreted as a deed from "all the heirs at law of R. D. Fox," the demurrer is nevertheless without merit. "An action of complaint for land can not be dismissed on demurrer to the abstract of title annexed to the declaration. The object of the abstract is not to show title in the plaintiff on the face of the pleadings; but only to give notice of what will be relied upon at the trial." *Crawford* v. *Carter*, 146 *Ga.* 526 (91 S. E. 780); *Chancey* v. *Johnson*, 148 *Ga.* 87 (95 S. E. 975).

2. A complete, accurate, and pertinent instruction is not within itself erroneous because it fails to embrace an instruction which would be appropriate in connection with the instruction given. *Lucas* v. *State*, 110 *Ga.* 756 (36 S. E. 87); *Johnson* v. *State*, 150 *Ga.* 67 (3 *a*) (102 S. E. 439); *Shelton* v. *State*, 150 *Ga.* 71 (2) (102 S. E. 355); *Wilson* v. *State*, 150 *Ga.* 285 (103 S. E. 682); *Green* v. *State*, 150 *Ga.* 121 (102 S. E. 813); *Bowden* v. *State*, 151 *Ga.* 336 (4), 339 (106 S. E. 575).

3. Prior to 1863 a statute of limitation, as applied to suits for land, was recognized in this State; and even though the adverse possession had been held for such a length of time as·to bar any suit brought by the true owner to recover land, yet if subsequently the adverse possession was abandoned, the true owner's rights again attached. *Russell* v. *Slaton*, 25 *Ga.* 193; *Vickery* v. *Benson*, 26 *Ga.* 582 (3); *Long* v. *Young*, 28 *Ga.* 130. By the Code of 1863 the doctrine of title by prescription was introduced in this State. See Code of 1863, §§ 2641, 2642; Civil Code (1910), §§ 4168, 4169. While a prescriptive title may be extinguished by the ripening of a prescription in favor of a subsequent adverse possession (*Godley* v. *Barnes*, 132 *Ga.* 513, 64 S. E. 546), yet if adverse

2

possession be held for seven years under color of title, a title by pre-scription arises, and that title is not lost or impaired by any subsequent abandonment of the adverse possession. *Milliken* v. *Kennedy*, 87 *Ga.* 463 (13 S. E. 635); *Tarver* v. *Deppen*, 132 *Ga.* 798 (7), 800 (65 S. E. 177, 24 L. R. A. (N. S.) 1161).

4. "The issue in ejectment, or in statutory complaint for land, arising upon the declaration and plea of not guilty, is, did the plaintiff at the date suit was commenced have a legal title to the premises, or to any estate or interest in them, or any part thereof, coupled with the then present right of entry as against the defendant? Nevertheless, where it appears that the plaintiff and the defendant are coterminous owners, . . it is not erroneous for the court to instruct the jury that the question resolves itself into one of boundary." *Barfield* v. *Birrick*, 151 *Ga.* 618 (108 S. E. 43). Such instruction is not open to the criticism that it expresses an opinion upon the facts of the case, where, as in this case, it appears from the undisputed evidence that the plaintiffs had title to the land adjoining the land claimed by the defendant.

5. Applying the rules above stated, the exceptions to the charge of the court do not show error requiring the grant of a new trial.

6. While in order to pass title a deed must designate the grantee, never-theless a deed to the heirs of a deceased person is good. 18 C. J. 159, § 36, n. 83, and cases cited.

7. The words "heirs at law," when used in a deed to designate the grantees, will be interpreted to mean the persons appointed by law to succeed to real estate in case of intestacy, unless a different interpretation is required in order to give effect to the plain purpose and intention of the grantor, as disclosed by the language of the deed as a whole. Ætna Ins. Co. *v.* Hoppin, 249 Ill. 406 (94 N. E. 669). Accordingly it was not erroneous to admit the deed from W. R. Bunkley "to the heirs at law of R. D. Fox," the deed reciting that it was made in lieu of a lost unrecorded deed to "R. D. Fox, deceased."

8. The defendant filed a plea of improvements, setting out the value of the land, of the mesne profits, and of the permanent improvements al-leged to have been made by defendant and those under whom he claimed. He prayed that the value of the improvements "be set off against the value of the mesne profits, if any, found to be due plaintiffs, and that the court mould a decree in the premises that will fully protect the interest of defendant." On the trial the plaintiffs abandoned their claim to mesne profits, and the defendant did not offer any legal evidence in support of his plea. The court did not err in failing to submit that issue to the jury.

9. The evidence authorized the verdict for the plaintiffs.

*Judgment affirmed. All the Justices concur.*

No. 2602.    FEBRUARY 21, 1922.

Complaint for land. Before Judge Highsmith. Camden supe-rior court. April 8, 1921.

*Cowart & Vocelle,* for plaintiff in error.