BANK OF CENTERVILLE, Respondent, v. LARSON, Appellant.

(199 N. W. 46.)

(File No. 5410.   Opinion filed May 28, 1924.)

1. Appeal and Error—Pleadings—Answer—Waiver—Fraud—Fraud and Want of Consideration Cannot Be Urged on Appeal Where Want of Execution Only Defense Below.

Where an answer in action on note positively denied execution, after adverse verdict on that issue, defendant on appeal may not assert fraud and want of consideration.

2. Bills and Notes—Fraud—Consideration—Estoppel—Maker of Note Held Estopped to Assert Fraud and Want of Consideration.

Maker of note, by executing to bank authority to purchase same, containing statement "there are no offsets or conditions against this note," held to have estopped himself from asserting fraud or want of consideration as against bank purchasing in good faith without notice of any defects.

Appeal from Circuit Court, Clay County; HON. R. B. TRIPP, Judge.

Action by the Bank of Centerville against F. O. Larson. From judgment for plaintiff and order denying motion for new trial, defendant appeals. Judgment and order affirmed.

*Payne, Olson & Barton* and *Gunderson & Gunderson,* all of Vermillion, for Appellant.

*French, Orvis & French,* of Yankton, for Respondent.

(2) To point two of the opinion, Appellant cited: First Nat. Bank v. Somers, 38 S. D. 96, 160 N. W. 523; Mechanics Bank v. New York etc. R. Co., 13 N. Y. 638; Bridger v. Goldsmith, 3 Misc. 535, 23 N. Y. S. 9; Dow v. Higgins, 72 Ill. 302; Leroy, Administrator, v. Meadows, 83 Ok. 45, 200 Pac. 858; Maury v. Coleman, 24 Ala. 381, 60 Am. Dec. 478; Clements v. Loggins, 2 Ala. 514; Could v. Whiting, 38 Ala. 514; Jennings v. Todd, 118 Mo. 295, 40 Am. St. R. 373, 24 S. W. 148; Allen v. Frazee, 85 Ind. 283; Koons v. Davis, 94 Ind. 289.

Respondent cited: Henry v. McAllister (Ga.), 26 S. E. 469; Tobey v. Chipman (Mass.), 13 Allen 123; Plummer v. Bank, 90 Ind. 386; Blades v. Newman (Ky.), 43 S. W. 176; Crabtree v. Atchison (Ky.), 20 S. W. 260.

DILLON, J. This is an action to recover on a promissory note executed by defendant. Plaintiff alleges that defendant thereafter executed the following instrument:

"Oct. 31st, 1919.
"To the Bank of Centerville: You are at liberty to purchase my note of this date for $12,500 if you desire. There are no offsets or conditions against this note.        F. O. Larson."

And the plaintiff, believing defendant had no defense to the payment of said note, was induced to and did purchase the same in good faith for a valuable consideration.

Defendant specifically denied that he signed or executed the note sued on, or the certificate attached thereto, and specifically alleges that if the name of this defendant appears upon said promissory note and upon said instrument directed "To the Bank of Centerville," the said signatures are a forgery.

[1] The jury on the trial returned a general verdict in

376 BANK OF CENTERVILLE v. LARSON. [47 S. D.

favor of the plaintiff for the amount of the note and also special findings that the appellant signed the note and certificate. The facts constituting fraud are set out in defendant's answer. It was nowhere alleged that the note sued on has or ever had any connection whatever with the notes which the defendant alleges he executed to the Midland Packing Company which aggregated $62,500 in payment for stock in said company. No claim is made that the evidence was insufficient to sustain the verdict of the jury on the issue of forgery. Respondent contends that on no other issue than that of forgery was there any dispute or conflict in the evidence; while appellant's contention is that the plaintiffs bank, by taking the note and certificate, did thereby ratify the instrumentality of the agent, leading up to the execution of the note and certificate, and thus adopted the fraud of the agent. We think the respondent's contention must be sustained. No one testified that the note and certificate were signed without the knowledge of their true contents, or that the defendant was in any manner misled, or that any advantage was taken of him. The alleged fraud and the want of consideration under the issues in the complaint became wholly immaterial because the answer denied the execution of the note and certificate.

Appellant should not be permitted to try the case upon one theory and, after being defeated, try it in a higher court upon a new theory not suggested in the lower court. To now allow defendant to say he did sign the note, when he positively swore on the trial that he did not sign it, would dispute the allegations contained in his answer. The appellant' knowing the inconsistent defenses, should have asked the court for leave to amend; but he continues to try the case upon the issue then made, and ought not now to complain because he was defeated by the jury. Under these allegations, the court was justified in refusing to allow defendant to inject into the case a new issue which was not presented by the pleadings. This note shows on its face that it was payable to the plaintiff's bank and not to the Midland Packing Company. Defendant in his answer alleged that the defendant subscribed for 500 shares of capital stock in the Midland Packing Company. Thus the pleading imported a consideration for the note, and the burden rested upon defendant to show that it was executed without consideration.

"Inconsistent defenses cannot stand when the admission of the truth of one necessarily proves the falsity of the other." Seattle National Bank v. Daniel Jones, 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177, with monographic note.

"A defendant cannot, however, deny a fact in one part of an answer, and then in an affirmative defense expressly admit that same fact, and still claim the benefit of the denial. But he may so adapt his pleadings as to meet the possible conditions and contingencies of the case that his opponent may prove. Thus it has been held that a defendant may deny a fact, and in a separate defense allege that if the fact previously denied is true, then certain other facts are true which avoid its legal effect." 31 Cyc. 152.

[2]    The written certificate to the plaintiff's bank, viz.: "You are at liberty to purchase my note of this date for $12,500 if you desire. There are no offsets or conditions against this note"—was a sufficient assurance that the defendant would pay the note and gave the bank not only the right to purchase the note without making any further investigations other than contained in the two written instruments themselves. The note was payable to the bank, and the defendant must be held to know its import. It was an absolute promise to pay. The only possible effect to be given to the certificate is that the plaintiff's bank was authorized to take over this paper. The bank, at the time it took over the paper, had no knowledge whatever of any vices against the paper.

"There are no offsets or conditions against this note" must be construed as sufficient to cut off all defenses and would make an impregnable instrument in the hands of plaintiff's bank at the time of its purchase. While it may be said that the two instruments executed the same day, one referring to the other, must be construed together, the note did not refer to the certificate, but the certificate did refer to the executed note, which shows conclusively that the certificate was the last instrument executed. It was the certificate that induced the plaintiff to make the purchase and part with its funds in buying and relying upon the assurances given to the bank. After offering these inducements, it is not sufficient to say that plaintiff was obliged to commence all over again and make further investigations. The facts about the defenses to the note were wholly unknown for about one full year

after the purchase. The defendant must therefore be held to be estopped from pleading fraud or want of consideration.

"Where the maker of a note represents to the purchaser that it is good, and thereby induced the purchase of the note, he is estopped from afterwards denying its validity."

In support of this principle we cite Tobey v. Chipman, 13 Allen (Mass.), 123; Plummer v. Bank, 90 Ind. 386; Henry v. McAllister, 99 Ga. 557, 26 S. E. 469; Blades v. Newman (Ky.), 43 S. W. 176; Crabtree v. Atchison, 93 Ky. 338, 20 S. W. 260.

It is clear that plaintiff's bank purchased the note in good faith on the defendant's assurances. When he gave these assurances he knew the plaintiff's bank was about to rely upon them, and to permit him to deny the truths of these assurances would enable him to perpetrate a fraud on the plaintiff's bank.

We hold that the maker of this instrument, under the facts disclosed, is estopped from asserting any defense against the note in the hands of the purchaser made in good faith without any notice of the vices connected with the transaction at the time of the purchase. Even if the note was obtained by fraud, the defendant could not escape from the written assurance that induced the purchase. We cannot agree with appellant's conclusion that the statement was not made as an inducement to purchase. We think the assertion of freedom from defense was made subsequently to the execution of the note.

We have carefully considered each and every assignment urged on behalf of the appellant, and we are satisfied that they are all without merit.

The judgment and order overruling appellant's motion for a new trial are affirmed.

POLLEY, J. I concur in the affirmance of the judgment in this case on the sole ground that appellant, having written to respondent that "there are no offsets or conditions against this note," and thereby induced respondent to purchase the note, should now be estopped from setting up defects in the note that he discovered after respondent had made the purchase.

SHERWOOD, P. J., and GATES, J., concur in the result.

Note.—Reported in 199 N. W. 46. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 882(3), 4 C. J. Sec. 2608; (2) Bills and notes, Key-No. 113, 8 C. J. Sec. 1007.