SLAUGHTER *v.* LAND *et al.*

ATKINSON, Presiding Justice. 1. In substance, the action is by the entire membership of the church, an unincorporated religious institution, to recover the land "as church property," alleged to have been used by the church for church purposes for more than twenty years (prescriptive period). In virtue of such membership the action is by plaintiffs, not in their individual capacities as tenants in common, but collectively for use of the church. See *O'Jay Spread Co.* v. *Hicks,* 185 *Ga.* 507, 513 (195 S. E. 564).

2. "Actual adverse possession of lands for 20 years, by itself, shall give good title by prescription against every one, except the State or persons laboring under the disabilities hereinafter specified." Code, § 85-406. "All deeds of conveyance heretofore made, and which may hereafter be made, to any person or persons, for any lots of land within this State, to any church or religious society, or to trustees for the use of such church or religious society, for the purpose of erecting churches or meeting houses, are, and shall be deemed and taken to be, good and valid, and available in law for the intents, uses, and purposes contained in said deeds of conveyance; and all lots of land so conveyed shall be fully and absolutely vested in such church or religious society, or in their respective trustees, for the uses and purposes in said deed expressed; to be holden to them, or their trustees, for their use by succession, according to the mode of church government or rules of discipline exercised by such churches or religious societies respectively." Code, § 22-409.

(*a*) Possession of the property for use of the church by the constituent membership is possession of the church as such an entity as is recognized by the law of this State (Code, § 22-409), and if continued adversely for the prescriptive period will support prescriptive title.

(*b*) In these circumstances the rule in ejectment that where tenants in common sue jointly, all must recover or none (*Powell* v. *Porter,* 189 *Ga.* 440, 5 S. E. 2d, 884), does not apply.

3. "A plaintiff in ejectment may recover the premises in dispute, upon his prior possession alone, against one who subsequently acquires possession

of the land by mere entry and without any lawful right whatever." Code, § 33-102. Possession as referred to above, for less than the prescriptive period, will support a recovery against one who after such possession commenced enters not under lawful right.

4. The petition alleged a cause of action, and the judge did not err in overruling the demurrer. *Judgment affirmed. All the Justices concur.*

No. 14032. MAY 27, 1942. REHEARING DENIED JUNE 16, 1942.

*Swift, Pease, Davidson & Swinson,* for plaintiff in error.
*Ernest C. Britton,* contra.