## LOVAIN *v.* BURCH.

WYATT, Justice.  1. The issue in ejectment, or in statutory complaint for land, arising upon the declaration and plea of general denial, is, did the plaintiff at the date suit was commenced have a legal title to the premises, or to any estate or interest in them, or any part thereof,

coupled with the then present right of entry as against the defendant? *Barfield* v. *Birrick*, 151 *Ga.* 618 (108 S. E. 43); *Peeples* v. *Rudulph*, 153 *Ga.* 17 (4) (111 S. E. 548).

2. Where the plaintiff and the defendant in ejectment are coterminous owners, claiming under a common propositus, the plaintiff's right of recovery depending on the location of the boundary line in dispute, and the location of the boundary line depending on the title of the parties to their respective tracts of land as described in the deeds from the common grantor, and no other claim of ownership by either of the parties being made to the disputed tract by virtue of possession, either under color of title or by acquiescence or agreement, the question to be determined is one of title to the disputed tract, or the location of the boundary line. *Barfield* v. *Birrick, Peeples* v. *Rudulph,* supra. In such circumstances it was error for the court to charge the jury that if they found from the evidence that the plaintiff was in possession of the disputed tract before the defendant's encroachment, the plaintiff would be entitled to recover, and that if they found from the evidence that the defendant had possession of the disputed area before the plaintiff's purchase of the property, the plaintiff would not be entitled to recover.

3. Since a reversal will result from the erroneous charge of the court, and the evidence on the next trial may not be the same, no ruling will be made on the sufficiency of the evidence to support the verdict.

4. As the judgment is reversed, no ruling is made on the assignment of error attacking the form of the verdict, since on the next trial the form of the verdict will not likely be the same.

*Judgment reversed. All the Justices concur.*

No. 14689. NOVEMBER 11, 1943.

110

*Stafford Brooke,* for plaintiff in error. *D. W. Mitchell, J. H. Paschall,* contra.