20975.   BRIDGES *et al.*, Trustees v. HENSON *et al.*

QUILLIAN, Justice. 1. "In order to maintain an action for trespass upon realty it is essential that the plaintiff show either that he has title to the land, or that he was in possession thereof at the time of the alleged trespass. *James v. Riley*, 181 Ga. 454 (2) (182 S. E. 604)." *Moss v. Thomson Co.*, 212 Ga. 184 (2) (91 S. E. 2d 485).

2. Prior to 1863, a statute of limitation, as applied to suits for land, was recognized in this State; and even though the adverse possession had been held for such a length of time as to bar any suit brought by the true owner to recover land,

yet if subsequently the adverse possession was abandoned, the true owner's rights attached. *Russell v. Slaton,* 25 Ga. 193; *Vickery v. Benson,* 26 Ga. 582 (3); *Long v. Young,* 28 Ga. 130. By the Code of 1863 the doctrine of title by prescription was introduced in this State. See Code of 1863, §§ 2637, 2638 (*Code* of 1933, §§ 85-401, 85-402). While a prescriptive title may be extinguished by the ripening of a prescription in favor of a subsequent adverse possession (*Godley v. Barnes,* 132 Ga. 513, 64 S. E. 546), yet if adverse possession be held for twenty years, a title by prescription arises, good against everyone except the State, or persons laboring under legal disabilities, and that title is not lost or impaired by any subsequent abandonment of the adverse possession. *Brewton v. Brewton,* 167 Ga. 633 (3) (146 S. E. 444); *Slaughter v. Land,* 194 Ga. 156(2) (21 S. E. 2d 72); *Peeples v. Rudulph,* 153 Ga. 17, 18 (3) (111 S. E. 548); *Milliken v. Kennedy,* 87 Ga. 463 (13 S. E. 635); *Tarver v. Deppen,* 132 Ga. 798 (7), 800 (65 S. E. 177, 24 L. R. A. (NS) 1161).

3. Possession of property for the use of a church by the constituent membership is possession of the church as such an entity, is recognized by statute in this State (*Code* § 22-409), and, if continued adversely for the prescriptive period, will support prescriptive title. *Slaughter v. Land,* supra.

4. "While ordinarily a court of equity will not interfere to prevent a mere trespass, but, as a general rule, will leave the injured party to his legal remedy, the threatened and attempted erection of a fence upon the land of another so as to obstruct ingress and egress, and seriously interfere with the use, occupancy and enjoyment of the property . . . would constitute such a continuous trespass as will be enjoined. *Miller v. Stewart,* 202 Ga. 127 [42 S. E. 2d 445] . . . *Gainesville Midland Railroad Co. v. Tyner,* 204 Ga. 535 (50 S. E. 2d 108); *Roughton v. Thiele Kaolin Co.,* 209 Ga. 577 (74 S. E. 2d 844)." *Moss v. Thomson Co.,* 212 Ga. 184, 185 (3), supra.

5. Under an application of the principles announced in the foregoing divisions of the syllabus to the allegations of the petition, the trial court erred in sustaining the general demurrer to the petition as finally amended. It is alleged that during 1915, three named persons, as trustees of Andrews Chapel AME Church of Douglasville, Georgia, went into possession of a described two-acre tract in Douglas County, Georgia,

and erected a building to be used as a place of public worship; the building and the land were used and possessed as a church by the trustees for and on behalf of the church openly and continuously until 1945, when the building was destroyed by fire; the possession and use of the building and land was notorious, exclusive, uninterrupted, adverse, and under a claim of ownership for and on behalf of the church by and through the trustees and their successors in office for a period in excess of 20 years; that the petitioners are the successors in office of the named trustees first entering, they having vacated office by death, removal from the community, or other causes; that the named trustees went into possession of the land in 1915 under a bona fide claim of right, in that one of the members of the church, Cornelia Bridges, who was then in possession of the land, made a contribution or gift of the land to the trustees for and on behalf of the church, and put them in possession as owners; that no one claiming under Cornelia Bridges, or otherwise, has ever, from 1915 until the present litigation, questioned the right of Cornelia Bridges to make a gift of the property, or the right of the trustees or their successors in office to hold and possess the land as the bona fide and rightful owners; that petitioners do not have in their possession any deed from Cornelia Bridges to the trustees of the church or other muniments of title to the land, and so far as they know no such exists; but their claim of title and right of possession is based solely on adverse possession for a period in excess of 20 years; that the petitioners and their predecessors in office as trustees were duly appointed, elected, and qualified according to the rules of discipline governing their organization; that the church building was destroyed by fire in 1945, but Andrews Chapel AME Church has never disbanded and at all times mentioned in the petition has been meeting regularly and carrying on its religious and business affairs in another building belonging to a Baptist church in the community; that, preparatory to re-erecting the church, the trustees, the pastor, and workmen on named occasions during 1959 have endeavored to go upon the land to remove underbrush and debris, but have been ordered off at gun point by the defendants, have been harassed by the defendants having warrants issued for their arrest, which upon investigation were dismissed, and the defendants are in the process of erecting a fence around the church land

in an effort to bar the petitioners, their agents, and representatives; that, if the fence is erected, it will effectively and permanently deprive the petitioners of the use and enjoyment of their property; that, because their fathers and grandfathers have worshipped on this land, it has for the petitioners become hallowed and it cannot be replaced with other land which would have the same sacred, sentimental value, and just and adequate compensation for the land itself would not be satisfactory.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1960—DECIDED OCTOBER 6, 1960—
REHEARING DENIED OCTOBER 25, 1960.

*Otis L. Davis,* for plaintiffs in error.

*Clarence H. Calhoun, Jr., Calhoun & Calhoun, Eugene B. Brown,* contra.