30471. BAGLEY et al v. CARTER et al.

NICHOLS, Chief Justice.

This litigation involves the control of the property owned by the Benjamin James Church, a Primitive Baptist Church located in Pierce County, Georgia. The church has been in existence since 1884 as an unincorporated religious association. The deeds to the property involved in this dispute were executed to named trustees and their successors with reverter clauses in the event the property should cease to be used for church

purposes. The complaint was brought by named members of the Ben James Church. It was alleged that "such members own and control the church property and hold the original deeds in their possession . . ." It was further alleged that one of the defendants is a former member of such congregation who "left said church and moved his membership, but now has attempted to re-enter the church through what he calls 'peace group' and has threatened and is threatening to completely take charge of defacing and otherwise altering and changing the old Ben James Primitve Baptist Church."

On the trial of the case it was shown that the defacing of such church building complained of was the construction of restrooms when previously none had existed.

On the trial of the case it was undisputed that the original deeds were in the possession of the plaintiffs; that prior to August, 1948, the defendant Herman Carter was a member of the Ben James Primitive Baptist Church and a leader therein; that in August, 1948, a vote was taken in such church as to whether or not the membership was in "favor the action of Mount Pleasant Church (W) . . ."; that 15 voted that they favored such action and 11 were opposed; and that the then "Elder Tyre left the moderator's seat." In September, 1948, according to the church minutes: "By move and second this church withdrew church fellowship for the eleven Brethren and Sisters of this church that refused to travel on with the action of Mt. Pleasant Church (Ware Co.) . . . they were [naming them]." From 1948 until the time of the present litigation the two factions of the Ben James Primitive Baptist Church continued to use the church facilities, one group meeting on the first Saturday and Sunday and the other meeting on the third Saturday and Sunday of each month. In November, 1948, the Alapaha River Primitive Baptist Association, according to minutes introduced on the trial, dropped from the record "a part of Ben James [and other] churches from the record for refusing to take the Bible as counsel, as their guide, and withdrawing from us." In 1963 money was collected jointly by both factions of the Ben James Church to be used to effect needed repairs on the church building. Both factions

participated in such repairs. It was undisputed that on at least one occasion one group had "given way" to the other as to the times of using the church property when, because of meetings with other churches, it was necessary for one faction to meet on the other faction's weekend. No real dispute arose concerning the church property until the present attempt by the defendants to install restrooms in such church. The jury returned a verdict for the defendants and the plaintiffs' motion for new trial was thereafter overruled and the present appeal filed.

1. In *Stewart v. Jarriel,* 206 Ga. 855 (5) (59 SE2d 368) (1950), it was held: "An expelled member of a church has no interest in the church property, and excommunicated members whose names have been expunged from the church membership roll by the valid action of the church cannot stand for and represent members of the church in an action to prevent the diversion of church property from its lawful uses. 45 AmJur 734, § 18."

"A religious society may promulgate rules by which to regulate the expulsion or excommunication of its members, and such rules bind the society's members. However, in the absence of rules on the subject, those of the common law prevail, and before a member can be expelled, notice must be given him to answer the charge made against him and an opportunity offered to make his defense, and an order of expulsion without such notice and opportunity is void. And, notwithstanding that a church is autonomous and that the minority must submit to the majority, it nevertheless does not follow that such church can expel members with entire disregard of unequivocal constitutional provisions governing the expulsion of members.

"Since in a Congregational Church the majority, if they adhere to the organization and to the doctrines, represent the church, an expulsion of the majority by the minority is a void act." 66 AmJur2d 766, Religious Societies, § 12.

The contention of the appellants is that the defendant Carter, and the faction of the church which he represents, having been voted out of the church have no legal right or standing to the use of the church property, or the right to make what the defendants consider to be

improvements thereto. The minutes of the church, submitted in evidence, do not conclusively show that the defendant Carter, and others, were excluded from church membership.

Assuming but not deciding that by the language in the minutes "by move and second" means certain action was taken is sufficient to authorize a finding that a vote approved such action, yet the language that the church "withdrew church fellowship" for named individuals is insufficient to require a finding that such members were excommunicated, expelled, or stricken from the church rolls as members. While the appellants argue that the action of withdrawing "church fellowship" from a member is the same as expelling a church member, yet no authority has been cited to support such contention, and this court has found none which would demand such conclusion. For definitions of "fellowship" see Webster's Third New International Dictionary, unabridged (1967), p. 836; The American Heritage Dictionary of the English Language (1973), p. 483. In the latter work, "fellowship" is defined in part as: "a. The condition of being together or of sharing similar interests or experiences, as do members of a profession, religion or nationality; companionship. b. The companionship of individuals in a congenial atmosphere and on equal terms. 2. A union of friends or equals sharing similar interests; fraternity; brotherhood. 3. Friendship; comradeship."

The evidence was inconclusive as to whether all or only part of the members to whom "fellowship" was withdrawn would have had to be rebaptized in order to be reinstated to "fellowship" with that faction of the Ben James Baptist Church, which had consisted of a majority when the vote was taken favoring "the action of Mount Pleasant Church (W)." This, together with the action of the Alapaha River Primitive Baptist Association in November, 1948 dropping "a part of Ben James" church from the record would indicate that the members to whom "fellowship" was withdrawn were still members of the Ben James Church.

In this case, contrary to the situation dealt with in *Stewart v. Jarriel,* supra, the evidence presented a question, not as to the validity of the expulsion of the

defendants as members of the church, but whether any expulsion had taken place. A question for the jury was presented inasmuch as the evidence did not conclusively show that any "expulsion" had taken place.

The trial court properly instructed the jury that the plaintiffs contended the defendants, or at least one of them, was a former member of the Ben James Church and that the defendants contended that they were at the present time members of such church. The court also charged that under the deeds to the property, introduced in evidence by the plaintiffs, all members of the Ben James Church would be tenants in common insofar as possession of the property was concerned. Unlike the action dealt with in *Slaughter v. Land,* 194 Ga. 156 (1) (21 SE2d 72) (1942), this action was brought by five named individual members of the congregation and others similarly situated, and there was no allegation that such members were the "trustees" of such church or all the members of the church. They did not allege, and there was no evidence, that they were duly appointed successor-trustees to the trustees named in the deeds admitted in evidence. The mere possession of such original deeds would not show that the plaintiffs had any greater interest in the property than the defendants. Even a written "transfer" of a deed does not pass title. See *Henry v. McAllister,* 93 Ga. 667 (20 SE 66) (1884). The procedure for filling vacancies of trustees caused by death, removal, expulsion, or otherwise is set forth in the Act of 1968 (Ga. L. 1968, pp. 565, 823; Code Ann. § 22-5509), which Act is merely a recapitulation of existing statutes (Ga. L. 1969, pp. 152, 195; Code Ann. § 22-5601). There was no evidence introduced to show that the plaintiffs, or any of them, were the duly appointed or elected successor-trustees to those named in the deeds. Under such circumstances the charge of the trial court on tenants in common complained of in the first enumeration of error, and the recharge on such subject complained of in the second enumeration of error, was not erroneous.

2. The third enumeration of error complains of a recharge to the jury urging them to arrive at a verdict if possible in language similar to that approved in *Ratcliff v. Ratcliff,* 219 Ga. 545 (134 SE2d 605) (1964) and shows

no error.

3. The fourth enumeration of error complains that the evidence did not authorize the verdict. A review of the trial transcript, consisting of 135 pages of oral testimony, in addition to the documentary evidence, does not disclose that the plaintiffs were entitled to an injunction as a matter of law. Accordingly, the verdict of the jury, approved by the trial court, must be affirmed.

The fifth and final enumeration of error complains that the trial court erred in excluding certain documentary evidence (minutes of the Ben James Church) produced by the plaintiffs. This evidence appears to have been introduced without objection later in the trial and such enumeration of error is not argued in the appellants' brief.

No error of law appearing, the judgment of the trial court overruling the plaintiffs' motion for new trial must be affirmed.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED NOVEMBER 10, 1975 — DECIDED NOVEMBER 24, 1975.

*Bennett, Pedrick & Bennett, E. Kontz Bennett, Sr.,* for appellants.

*Francis B. Houston,* for appellees.

JORDAN, Justice, dissenting.

In my opinion the evidence in this case demands a finding that the appellees were expelled as members of Benjamin James Primitive Baptist Church and thus have no standing to claim any property rights to the church premises and property. The duly admitted minutes show that in September 1948 the Church "withdrew church fellowship" from eleven named members who constituted a minority of the church membership (the appellees herein) at that time. Such action is subject to only one interpretation, i.e., that such members were expelled and could no longer participate in church affairs until and unless such membership is duly restored.

Under such evidence the court clearly erred in

charging the jury that the appellants and appellees were tenants in common of the church property.