## 25455. REESE v. MANGET et al.

STEPHENS, J. 1. A suit for breach of warranty of title to land may be maintained not only against the plaintiff's vendor but also against the vendor of the latter. Code, § 29-301; *Quitman Furniture &c. Co.* v. *Rountree*, 14 *Ga. App.* 382 (2) (80 S. E. 904).

2. Deprivation of one's possession of land by virtue of any legal proceedings based on an outstanding paramount title constitutes an eviction under an outstanding paramount title which forms the basis for an action by the person evicted against the warrantor for a breach of the warranty of title. *White* v. *Stewart*, 131 *Ga.* 460 (62 S. E. 590); *Brooks* v. *Winkles*, 139 *Ga.* 732 (78 S. E. 129). Yielding of possession of land by a vendee, as a result of a suit for trespass to the land and for injunction, brought against him by another person, which suit was predicated on claim of title paramount to the title under which the vendee claimed, and the title was adjudicated in that person, and where the warrantor had notice and an opportunity to defend, constituted such yielding of possession in consequence of legal proceedings as affords the vendee a right of action against his warrantor for a breach of the warranty of title. Code, § 29-306. Whatever notice may be required by a warrantor, under a warranty deed to land, of the pendency of a suit against the vendee, based on an alleged outstanding paramount title, as would authorize the vendee to maintain a suit against the warrantor for a breach of warranty on the ground that the vendee had yielded possession of the land in consequence of legal proceedings of which the warrantor had notice and an opportunity to defend, an allegation in the petition in a suit by the vendee against the warrantor, wherein it is alleged that the warrantor had notice of such proceedings and knew of such proceedings and knew that the plaintiff in such suit was seeking under an outstanding paramount title to recover of the vendee the land sold, is a sufficient allegation of notice to withstand a general demurrer.

3. Where in the petition in a suit for a breach of warranty of title to land it appears that the plaintiff predicates the suit solely on a breach of warranty arising out of the yielding of possession of a portion of the land as a consequence of legal proceedings of which the defendant had notice and an opportunity to defend, and that the plaintiff did not yield possession of the remaining portion of the land, but only that she has no title to the remaining portion of the land because her title to the portion which she yielded was not good, it does not appear that the plaintiff was evicted from the remaining portion of the land, or that there was a disturbance of her title thereto by an outstanding paramount title equivalent to an eviction; and the petition fails to set out a cause of action for damages for a breach of warranty of title to the portion of the land the possession of which was still in the plaintiff. *Joyner* v. *Smith*, 132 *Ga.* 779 (65 S. E. 68).

4. Where it is alleged that, as a result of the suit filed against the plaintiff on an outstanding paramount title, the plaintiff was evicted from the premises, to her injury and damage in the sum of $3000, the allegation necessarily has reference to the suit described in the petition as a result of which the plaintiff was evicted from only a portion of

the land. The petition contains a sufficient allegation of damage resulting from the alleged breach of warranty of title to the strip of land from which the plaintiff was evicted.

5. The petition set out a cause of action against both defendants, and the court erred in sustaining the demurrers.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JULY 7, 1936.

*Willis Smith,* for plaintiff.

*A. H. Freeman, Garland M. Jones,* for defendants.