71919. GREEN et al. v. CARVER STATE BANK.
71920, 71921, 71922, 71923, 71930. GREEN v. CARVER STATE BANK (five cases).
(344 SE2d 507)

POPE, Judge.

These are five individual appeals and one joint appeal properly brought pursuant to OCGA § 9-11-54 (b) by Elias Green, Samuel Green, Ellis Green III, Annie Mae Green, and Sampson Green from the grant of writs of possession to appellee bank in five separate actions.

1. The bank obtained title to the property in question through a foreclosure deed dated August 2, 1983, which was introduced in evidence at the hearing. Appellants live on separate parts of this property, which encompasses over 200 acres, and moved to dismiss the original dispossessory warrants for inadequate description. The trial court allowed the bank to amend the warrant affidavit to describe the property by metes and bounds and specify where each appellant was located thereupon; it then found that the description was adequate in each case and that all technical requirements, including demand for possession and sufficiency of process and service, had been properly completed. Appellants contend that the court erred in failing to dismiss the warrants and amendments for insufficient description.

We do not agree. The descriptions in the warrants as amended legally described the property and were sufficient for the sheriff to make personal or residential service upon each of the appellants. See *Taylor v. Carver State Bank*, 177 Ga. App. 856 (1) (341 SE2d 502) (1986). Cf. *Madison, Ltd. v. Price*, 146 Ga. App. 837 (2a) (247 SE2d 523) (1978). "All affidavits for the foreclosure of liens, including mortgages, all affidavits that are the foundation of legal proceedings, and all counter affidavits shall be amendable to the same extent as ordinary pleadings and with only the restrictions, limitations, and consequences of ordinary pleadings." OCGA § 9-10-130. "Statutes allowing

amendments are beneficial and are to be liberally and broadly construed. In allowing or refusing amendments a wide discretion is to be exercised by the court; hence no fixed rule can be laid down which could apply to each particular case that might arise." *Southern Grocery Stores v. Kelly,* 52 Ga. App. 551, 552 (183 SE 924) (1936). Accord *Mincey v. Stamper,* 253 Ga. 301 (1) (319 SE2d 857) (1984); *Hyman v. Leathers,* 168 Ga. App. 112 (3) (308 SE2d 388) (1983). We find no abuse of discretion here.

2. Appellants complain that the trial court erred in not granting their motion to disqualify the attorney representing the bank in the dispossessory proceeding because a member of his law firm had previously represented Ellis Green, Jr., a relative and predecessor in title of appellants, in matters not related to the present action. "The rules of disqualification of an attorney will not be mechanically applied; rather, we should look to the facts peculiar to each case in balancing the need to ensure ethical conduct on the part of lawyers appearing before the court and other social interests, which include the litigant's right to freely chosen counsel. [Cit.] . . . [I]n the absence of any evidence, aside from the bare assertion, that a client may be harmed or prejudiced by the current representation of its former attorney, we cannot agree . . . that such an appearance of impropriety exists here to outweigh [the bank's] interest in being represented by [its] counsel of choice." *Stoddard v. Bd. of Tax Assessors,* 173 Ga. App. 467, 468-69 (326 SE2d 827) (1985). Since appellants have neither alleged nor shown that the bank's attorney appeared in court on behalf of Ellis Green, Jr. or that his previous representation of Ellis Green, Jr. was "substantially related" to the issues in this case there is no merit in this contention. See *Summerlin v. Johnson,* 176 Ga. App. 336 (1) (335 SE2d 879) (1985).

3. The trial court correctly granted a jury trial only as to the issue of mesne profits. "OCGA § 44-7-53 (c) does not provide for the right to a trial by jury in a dispossessory action, but provides for 'the trial court to expedite a trial of the issues.' A dispossessory is a summary proceeding to determine the disposition of the property pending trial of any contested issues. [Cit.]" *Taylor v. Carver State Bank,* supra at 858; see *Miron Hotel v. Smith,* 211 Ga. 864 (1) (89 SE2d 643) (1955). "[T]he right of jury trial does not apply to special proceedings not known at the time of adoption of the first [Georgia] Constitution, or subsequently created or provided by statute." *Dept. of Transp. v. Del-Cook Timber Co.,* 248 Ga. 734, 742 (8) (285 SE2d 913) (1982); *Mull v. Mull,* 167 Ga. App. 687 (1) (307 SE2d 675) (1983). Accord *Worsham Bros. Co. v. FDIC,* 167 Ga. App. 163 (1) (305 SE2d 816) (1983).

4. The trial court also correctly denied appellants' motion to join as a party defendant another heir of Ellis Green, Jr. who was not a

tenant on the property in issue. "The only proper parties to an issue arising under a warrant sued out to dispossess a tenant holding over are the alleged landlord and the tenant, and it [would be] error to allow other persons under whom the tenant claimed possession to be made parties defendant to the proceeding." *Grizzard v. Roberts*, 110 Ga. 41 (1) (35 SE 291) (1900); *Fitzgerald Trust Co. v. Shepard*, 60 Ga. App. 674 (2) (4 SE2d 689) (1939).

*Judgments affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 23, 1986 — ▆▆▆▆▆▆▆▆

Ellis Green III, *pro se* (case nos. 71919, 71922).
Elias Green, *pro se* (case no. 71920).
Samuel Green, *pro se* (case no. 71921).
Annie Mae Green, *pro se* (case no. 71923).
Sampson Green, *pro se* (case no. 71930).
*Katrina L. Breeding*, for appellants.
*James B. Blackburn, Jr., Miriam D. Lancaster*, for appellee.