A89A0777, A89A0778. KNOXVILLE MEDICAL INVESTORS, LTD. et al. v. NATIONAL HEALTHCORP L.P. et al. (two cases).
(385 SE2d 110)

BENHAM, Judge.

Appellants seek review of the denial of their motion to disqualify appellees' counsel from representation and the denial of their motion for partial judgment on the pleadings. We affirm the judgment with respect to both issues.

1. We granted appellants' petition for interlocutory review of the disqualification issue (Case No. A89A0777), and so we dismiss their case which seeks review of the same issue by direct appeal (Case No. A89A0778).

2. The trial court denied appellants' motion to disqualify the law firm of Powell, Goldstein, Frazer & Murphy (Powell, Goldstein) from representing appellees against them in a lawsuit that named appellants as defendants. Appellants contend that a conflict of interest was created by Powell, Goldstein's merger with the law firm of Connell, Dodd & Hughes (Connell, Dodd) in May 1988. Before joining Powell, Goldstein, two Connell, Dodd attorneys had represented appellants Stiles A. Kellett, Jr., and Samuel B. Kellett in obtaining a certificate of need for a nursing home in DeKalb County, Georgia, through one of the Kelletts' partnerships, Dunwoody Health Care, Ltd. (Dunwoody). The certificate of need had been obtained and the major business related to it had been concluded in September 1987, several moths before the merger. Dunwoody is not involved in the lawsuit in question, which involves lease with option to repurchase agreements that appellants allegedly breached. The suit is against Stiles and Samuel Kellett, who are the general partners of defendants Greenwood

Medical Investors, Ltd. (Greenwood) and Knoxville Medical Investors, Ltd. (Knoxville), respectively, and involves nursing homes in Knoxville, Tennessee, and Greenwood, South Carolina. Shortly after the law firm merger occurred, the former Connell, Dodd attorneys sent a letter to the Kelletts notifying them of the possible conflict of interest inasmuch as Powell, Goldstein had been representing appellee National HealthCorp. L.P. (National) before the merger, and were now representing plaintiffs and defendants in the same civil action. The attorneys asked the Kelletts to consent to the dual representation and, in lieu of consent, offered to withdraw as counsel for the Kelletts. The Kelletts chose to have the attorneys withdraw as counsel but then moved to have Powell, Goldstein disqualified as counsel for National, arguing that the law firm should have withdrawn from representing all of the parties instead of choosing one over the other; that the firm had unlimited access to appellants' financial and operating information; and that the facts involved in the prior representation and the continuing litigation were generally related and overlapped in time. The trial court denied the motion, finding that appellants failed to carry their burden of proof under the "substantial relationship test," which requires that the movant show that the present litigation and the former matter in which it was represented by opposing counsel are substantially related. See *Crawford W. Long Mem. Hosp. &c. v. Yerby*, 258 Ga. 720 (1) (373 SE2d 749) (1988). We agree with the trial court's position. Appellants do not show how the matter of securing a certificate of need to build a nursing home in Georgia is substantially related to appellants' failure or inability to comply with option contracts on nursing homes in Tennessee and South Carolina owned and operated by entities other than the one involved in the Georgia project. Appellants even admitted as much in their brief when they stated that "the certificate of need application and this litigation are not substantially related. . . ." Moreover, there was no evidence that client confidences or secrets had been or would be disclosed, or that any other improper actions had been or would be taken. This case is not like that of *Crawford W. Long Mem. Hosp.*, supra, the holding of which "is limited to representation involving the *same general subject matter* . . . [C]ases [involving] different general subject matter[s], e.g., adverse representation involving contractual disputes, real-property matters, and unrelated tort claims would not contravene the rule." 258 Ga. 720, 722, (fn. 2). See also *Tipton v. Canadian Imperial Bank of Commerce*, 872 F2d 1491 (11th Cir. 1989). Since the same subject matter is not involved and the circumstances of representation did not grow out of an event that occurred during the time of such representation (see *Crawford W. Long Mem. Hosp.*, supra at 722), the trial court did not err in its denial of the motion to disqualify appellees' counsel.

3. Appellees sued appellants for specific performance of two option contracts to purchase nursing homes owned by appellants and rented by appellees in Knoxville, Tennessee, and Greenwood, South Carolina. The parties have agreed that the contracts are to be construed in accordance with Tennessee and South Carolina state law respectively. The leases provide that at any time during the tenth year of the leases, the tenants, appellees, shall have the right at their option to purchase the premises and equipment from the appellants, the landlords. The sales price was to be as follows: "Tenant and Landlord shall each cause an appraisal to be made of the Leased Premises, including the Equipment thereon, by an MAI appraiser of its own choosing. The parties agree that the primary method of evaluation will be the income approach based on the income received by the Landlord from this Lease, and each party agrees to so instruct the appraiser chosen by such party. If said appraisers are in agreement as to the value of the Leased Premises and Equipment, then such value shall constitute the sales price of same. If, however, said appraisers are unable for any reason to agree on the value of the Leased Premises and Equipment, then said appraisers shall themselves choose a third MAI appraiser who shall then evaluate the Leased Premises and Equipment on the method used by the first two appraisers, and the value of his appraisal shall then be binding on Landlord and Tenant as to the sale price to be paid. The remaining terms and conditions of the sale shall be as agreed upon by the parties."

When appellees sought to exercise their rights under the option contracts as described, appellants refused to comply. They contend that the options are void and unenforceable as a matter of law because the method for determining the purchase price is "imprecise and indefinite." They also argue that since the remaining terms are still subject to negotiation, e.g., the time for closing, the method of payment, proration of expenses, etc., the contracts are unenforceable. The trial court disagreed with appellants' position, and denied their motion for judgment on the pleadings. We affirm that judgment.

Under South Carolina law, "[a]n agreement between two or more persons upon sufficient consideration to either do or not do a particular act is a contract. [Cits.] In order for a contract to be binding, there must be a mutual manifestation of assent between the parties as to the terms of the contract. [Cit.] Certain terms, such as price, time and place, are considered indispensable and must be set out with reasonable certainty. [Cit.] Where a contract does not fix a definite price, there must be a definite method for ascertaining it. [Cit.]" *McPeters v. Yeargin Constr. Co.*, 350 SE2d 208, 210 (S.C. App. 1986). "[F]or a contract to be binding material terms cannot be left for future settlement. [Cit.] However, absolute certainty is not required. . . . [Cit.] A contract will not be held unenforceable for indefiniteness because its

performance is, as to particular details, left open to subsequent agreement of the parties. *Touche Ross & Co. v. DASD Corp.*, 162 Ga. App. 438 (2) (292 SE2d 84) (1982). This is especially true where the contract provides the guidelines for the subsequent agreement. [Cit.]" *Aperm of S. Car. v. Roof*, 351 SE2d 171, 173 (S.C. App. 1986). The contract in question fits within the parameters of the applicable law. Both parties signed the contract documents, it is undisputed that sufficient consideration has been given and received for the exercise of the option, and appellants have given their assent by accepting the payments from appellees in that regard. The time (in the tenth year of the lease) and place (the Greenwood, South Carolina, nursing home) are certain, and there is a definite method for ascertaining the price of the property (the three-appraiser formula). Nor does the sentence that provides that "[t]he remaining terms and conditions of the sale shall be as agreed upon by the parties" destroy the "certainty requisite for a valid agreement." *Touche Ross & Co. v. DASD Corp.*, supra.

We reach the same conclusion under Tennessee law with regard to the contract to be performed there. Tennessee follows essentially the same rules as South Carolina with regard to contract construction. " 'The determination that an agreement is sufficiently definite is favored. Therefore, the courts will, if possible, so construe the agreement as to carry into effect the reasonable intention of the parties, if that can be ascertained. The law leans against the destruction of contracts for uncertainty, particularly where one of the parties has performed his part of the contract.' [Cit.]" *APCO Amusement Co. v. Wilkins Family Restaurants*, 673 SW2d 523, 528 (Tenn. App. 1984). The contract was sufficiently definite under Tennessee law. Compare *Parsons v. Hall*, 199 SW2d 99 (Tenn. Supreme Ct. 1947), in which specific performance of a land sale contract was denied for lack of an effective date of the agreement, insufficient description of the subject property, lack of consideration for the offer to sell the property, and the absence of language giving the offeree the privilege of accepting the offer to sell after the term of the original lease. All of those elements are present in the contracts under consideration here. The trial court properly denied appellants' motion for judgment on the pleadings.

*Judgment affirmed in Case No. A89A0777. Appeal dismissed in Case No. A89A0778. Deen, P. J., and Birdsong, J., concur.*

DECIDED JULY 11, 1989 —
REHEARING DENIED JULY 25, 1989 —

Schreeder, Wheeler & Flint, David H. Flint, Lynn C. Stewart, Timothy C. Batten, for appellants.

*Powell, Goldstein, Frazer & Murphy, William G. Leonard,* for appellees.