A90A0920. JOHNS v. CARR et al.
(397 SE2d 8)

CARLEY, Chief Judge.

Appellant-plaintiff initiated this wrongful death action against appellee-defendant Timothy Carr and his employer, appellee-defendant Buckhead Movers, Inc. (Buckhead). In addition to appellee Buckhead's vicarious liability for appellee Carr's alleged negligence, appellant's complaint alleged that appellee Buckhead had itself been negligent in hiring appellee Carr and in entrusting its vehicle to him. After answering the complaint, appellees moved to disqualify appellant's attorney on the ground that he had previously represented appellee Carr. Appellant not only opposed appellees' motion, she also sought an award of the attorney's fees incurred in so doing. The trial court granted appellees' motion to disqualify appellant's attorney and denied appellant's motion for attorney's fees. However, the trial court certified its order for immediate review and appellant applied to this

court for an interlocutory appeal. The instant appeal results from the grant of appellant's application.

1. In urging that appellees' motion was erroneously granted, appellant's reliance upon *Green v. Carver State Bank*, 178 Ga. App. 798, 799 (2) (344 SE2d 507) (1986) is misplaced. In *Green*, the client whose confidences and secrets might have been compromised was not actually a party to the underlying action. Here, on the other hand, it is undisputed that appellant's attorney had previously served as the legal representative for appellee Carr himself.

Appellee Carr averred that, subsequent to that undisputed representation, he had continued to consult with appellant's attorney in connection with matters which would necessarily be put in issue in the instant case by virtue of appellant's allegations regarding appellee Buckhead's independent negligence. Compare *Stoddard v. Bd. of Tax Assessors*, 173 Ga. App. 467, 468 (1) (326 SE2d 827) (1985), wherein the client "was unable to remember even the general nature of the matters discussed which he [asserted that] he expected to be kept confidential." Accordingly, the evidence would authorize the trial court to find that appellant's continued representation by appellee Carr's former counsel would " '[tend] to "taint the underlying trial" . . . .' " *Reese v. Ga. Power Co.*, 191 Ga. App. 125, 127 (2) (381 SE2d 110) (1989). "A lawyer cannot use information acquired in the course of the representation of a client *to his later disadvantage, or for the advantage of another*. The obligation to preserve confidences [and secrets] continues after employment is terminated." (Emphasis supplied.) *Summerlin v. Johnson*, 176 Ga. App. 336, 338-339 (335 SE2d 879) (1985). "[D]isqualification is always justified and indeed mandated, even when balanced against a client's right to an attorney of choice, [where, as here,] the appearance of impropriety [is] coupled with [an actual] conflict of interest or jeopardy to [the former] client's confidences." *Blumenfeld v. Borenstein*, 247 Ga. 406, 409 (276 SE2d 607) (1981). It follows that the trial court correctly granted appellees' motion to disqualify appellant's attorney.

2. Inasmuch as appellees' motion was correctly granted, the trial court did not abuse its discretion in denying appellant's motion for the attorney's fees incurred in opposing that motion.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*G. Clyde Dekle III*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Robert*

*W. Browning*, for appellees.