A90A1302. HASTINGS et al. v. COURTLAND.
(398 SE2d 747)

CARLEY, Chief Judge.

A simplified statement of the relevant facts in the instant appeal

is as follows: Appellant-third-party defendants conveyed property by general warranty deed to Mrs. Fred A. Pickert. Subsequently, Mrs. Pickert conveyed the property by general warranty deed to appellee-plaintiff and another individual. After this conveyance by Mrs. Pickert, Mrs. Jane James filed an action to quiet title to the property and Mrs. Pickert and appellants were joined as parties therein. Mrs. James' action to quiet title resulted in a decree that, by reason of her adverse possession, she held fee simple title to the property. Appellee then initiated the instant action against Mrs. Pickert, seeking to recover against her for breach of warranty of title, and Mrs. Pickert filed a third-party complaint against appellants. After discovery, appellee moved for partial summary judgment as to the issue of Mrs. Pickert's liability. The trial court granted partial summary judgment in favor of appellee and appellants appeal from that order.

1. Two of the appellants are the sole shareholders of a corporation which had previously been represented in various labor matters by the same law firm that represents appellee in the instant action and, on this basis, appellants moved to disqualify appellee's counsel. The denial of this motion to disqualify appellee's counsel is enumerated as error.

Assuming, for purposes of this appeal only, that appellee and appellants are opposing parties and that the prior representation of the corporation is equivalent to a prior representation of appellants themselves and that the motion to disqualify was timely, appellants have nevertheless "failed to carry their burden of proof under the 'substantial relationship test,' which requires that the movant show that the present litigation and the former matter in which [they were] represented by opposing counsel are substantially related. See *Crawford W. Long Mem. Hosp. [of Emory Univ.] v. Yerby*, 258 Ga. 720 (1) (373 SE2d 749) (1988). . . . Appellants do not show how the [various labor matters at issue in the prior representation are] substantially related to appellants' [alleged breach of warranty of title]. Appellants even admitted as much in their brief when they stated that [appellee's counsel 'is not representing directly adverse parties on substantially related matters]. . . .' Moreover, there was no evidence that client confidences or secrets had been or would be disclosed, or that any other improper actions had been or would be taken. This case is not like that of *Crawford W. Long Mem. Hosp.*, supra, the holding of which 'is limited to representation involving the *same general subject matter*. . . . (C)ases (involving) different general subject matter(s), e.g., adverse representation involving contractual disputes, real-property matters, and unrelated tort claims would not contravene the rule.' [Cits.]" (Emphasis in original.) *Knoxville Med. Investors v. Nat. Healthcorp*, 192 Ga. App. 460, 461 (2) (385 SE2d 110) (1989). Not only are the general subject matters entirely different, no imper-

510

missible appearance of impropriety arises from the circumstances surrounding the prior and current representations. Compare *Crawford W. Long Mem. Hosp. v. Yerby*, supra at 722 (3). It follows that the trial court correctly denied appellants' motion to disqualify appellee's counsel.

2. For the most part, such genuine issues of material fact as appellants urge remain for jury resolution are related to the damages that appellee would be authorized to recover rather than to the liability of Mrs. Pickert for the breach of warranty of title. See OCGA § 44-11-3; *Dozier v. Wallace*, 169 Ga. App. 126, 128 (3) (311 SE2d 839) (1983); *Rowan v. Newbern*, 32 Ga. App. 363, 364 (5) (123 SE 148) (1924). Since the trial court granted summary judgment only as to Mrs. Pickert's liability, it is, of course, immaterial that jury issues may yet remain as to damages.

Insofar as Mrs. Pickert's liability for breach of warranty of title is actually concerned, it is undisputed that Mrs. James' paramount title was established in a legal proceeding in which Mrs. Pickert and appellants were joined. *Reese v. Manget*, 53 Ga. App. 637 (2) (186 SE 880) (1936). The judgment in that legal proceeding establishes that, at the time of the conveyance by Mrs. Pickert, prescriptive title was in Mrs. James and that Mrs. Pickert's warranty of title was, therefore, breached at the time of her conveyance. *Mansell v. Pappas*, 156 Ga. App. 272, 273 (2) (274 SE2d 588) (1980). Compare *Finn v. Lifsey*, 169 Ga. 599 (150 SE 908) (1929). Contrary to appellants' assertions on appeal, any transactions between Mrs. James and appellee regarding the *adjoining* parcel would have had no bearing whatsoever on Mrs. James' right to assert her prescriptive title to that *separate* parcel which Mrs. Pickert conveyed (see *Bridges v. Henson*, 216 Ga. 423 (2) (116 SE2d 570) (1960)) and those extraneous transactions certainly would have no current bearing on the validity of appellee's instant claim for breach of warranty of title, against Mrs. Pickert.

Appellee met the initial burden as a movant for summary judgment and made a prima facie showing of Mrs. Pickert's liability for breach of warranty of title. In opposition, there was no showing that a *genuine* issue of *material* fact remained as to Mrs. Pickert's *liability*. It follows that the trial court correctly granted partial summary judgment in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 17, 1990 —
REHEARING DENIED NOVEMBER 7, 1990 —

*Schreeder, Wheeler & Flint, David H. Flint, Lynn C. Stewart,* for appellants.
*Jones, Day, Reavis & Pogue, David J. Bailey, Mary A. Prebula,*

*William S. Jones*, for appellee.