## A92A1724. NATIONAL MEDIA SERVICES, INC. v. THORP.
(427 SE2d 61)

CARLEY, Presiding Judge.

Appellee-plaintiff filed suit, seeking to recover commissions which he had allegedly earned during his employment with appellant-defendant. Appellant answered and also moved to disqualify appellee's counsel. The trial court denied appellant's motion, but certified its order for immediate review. Appellant applied for an interlocutory appeal and the instant appeal results from the grant of that application.

1. Appellant's motion was premised upon *Crawford W. Long Mem. Hosp. &c. v. Yerby*, 258 Ga. 720 (373 SE2d 749) (1988). In that case, counsel, who had formerly defended malpractice suits brought by patients of the hospital, filed a malpractice suit on behalf of a hospital patient. The events which underlay the malpractice suit brought by counsel had occurred during the same period of time as the events which underlay the malpractice suits previously defended by him. It was held that "[t]he circumstance of representing a client against a former client in an action that is of the same general subject matter, and grows out of an event that occurred during the time of such representation, creates an impermissible appearance of impropriety. It is therefore prohibited by the Canons of Ethics. For this reason, the motion to disqualify should have been granted." (Emphasis omitted.) *Crawford W. Long Mem. Hosp. &c. v. Yerby*, supra at 722.

Appellee's counsel in the instant case had previously undertaken the collection of debts which were owed to appellant by its advertising clients for the services rendered to them. In the instant case, however, he does *not* represent one of appellant's clients in a suit involving appellant's advertising services. Appellee is a former *employee* of appellant, not a former client, and his claim is premised upon the services that *he* performed in his capacity as appellant's employee, not upon the advertising services that appellant rendered to its clients. Appellant's former legal efforts to collect the debts owed by its clients and appellee's instant action to recover commissions from appellant may both involve contracts, but appellant's advertising contracts with its clients and appellee's employment contract with appellant are "unrelated [contract] claims [which] would not contravene the rule" of *Crawford W. Long Mem. Hosp. &c. v. Yerby*, supra at 722, fn. 2. Under appellant's theory, appellee's present counsel could never serve as opposing counsel in any suit even remotely connected with appellant's business-related contracts. However, the motion to disqualify was granted in *Yerby* because counsel, having previously defended against allegations of the hospital's professional negligence, was seeking to prove allegations of the hospital's professional negligence. The malpractice actions may not have been "substantially re-

lated" to one another, but they all related to the "same general subject matter" of the quality of care provided by the hospital. The instant action concerns a former employee's compensation claim against his employer. It is neither "substantially related" to the former employer's claims against its clients nor does it relate to the "same general subject matter" of the former employer's advertising services. In his former representation of appellant, appellee's present counsel may have gained general knowledge concerning appellant's business operations. However, "there was no evidence that [appellant's] confidences or secrets had been or would be disclosed, or that any other improper actions had been or would be taken." *Knoxville Med. Investors, Ltd. v. Nat. Healthcorp L. P.*, 192 Ga. App. 460, 461 (2) (385 SE2d 110) (1989). It follows that the *Yerby* decision does not mandate the grant of appellant's motion to disqualify appellee's present counsel. See also *Hastings v. Courtland*, 197 Ga. App. 508, 509 (1) (398 SE2d 747) (1990).

2. Appellee's present counsel has an office-sharing arrangement with appellant's *former* general counsel. Compare *McMahon v. Seitzinger Bros. Leasing*, 506 FSupp. 618 (E.D. Penn. 1981). Urging that appellee could not be represented by its former general counsel, appellant contends that appellee's present counsel is likewise disqualified.

Directory Rule 5-105 (D) of the Rules and Regulations of the State Bar provide: "If a lawyer is required to decline employment or to withdraw from employment under DR 5-105, no partner or associate of his or his firm may accept or continue such employment." However, any disqualification of appellant's former general counsel from representing appellee would be based upon Disciplinary Standard 69 of the Rules and Regulations of the State Bar and not upon DR 5-105. Accordingly, "DR 5-105(D) is not grounds for the disqualification of [appellee's present counsel] even if he could be considered an associate of [appellant's former general counsel]." *Dodson v. Floyd,* 529 FSupp. 1056, 1065 (IV) (N.D. Ga. 1981).

Although they have an office-sharing arrangement, there is no evidence that appellant's former general counsel has or will disclose confidences or secrets of appellant to appellee's present counsel. See *Dodson v. Floyd*, supra at 1066 [14, 15]. Instead, the evidence shows that appellant's former general counsel has severed his connection with appellant and has not been actively involved in the instant case. Compare *McMahon v. Seitzinger Bros. Leasing*, supra. Accordingly, the trial court did not err in finding that the office-sharing arrangement constituted no basis for disqualifying appellee's present counsel.

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993.

*Goodman & Bush, F. Clay Bush, Norman L. Smith,* for appellant.

*Wagner & Johnston, C. David Johnston, John H. Watson,* for appellee.