A95A2653, A95A2654. CARRAGHER v. HARMAN et al.; and vice versa.
(469 SE2d 443)

SMITH, Judge.

Katherine Harman brought this action on indebtedness against her former business partner, Paulette Carragher. Subsequently, Carragher filed a third-party action against Dale Harman, Katherine's husband. Carragher appeals from the judgment entered on the jury verdict in favor of Katherine and Dale Harman.

Although the precise nature of the business relationship between Carragher and Katherine Harman ("Harman") is disputed, there is no dispute that the two women operated a business together called "The Corner Cupboard," a business engaged in the interior design of homes and offices and the purchase and sale of furniture. They operated the business together from approximately 1978 through 1986. While working together, Carragher and Harman were plaintiffs in an action concerning a defective rug. They brought the action as "Katharine Ross Harman and Paulette Carragher, d/b/a The Corner Cupboard." Harman's husband's law firm ("the Harman firm") initially represented Harman and Carragher. On May 6, 1988, Robert Feagin filed a notice of appearance reciting that he "should be listed as *additional* counsel of record for Plaintiffs in their *Yost* claim against [defendants]. . . ." (Emphasis supplied.) In preparation for litigation of the potential *Yost* claim, Feagin took two depositions and familiarized himself with the underlying litigation. Shortly after Feagin entered an appearance in the case, on the day trial was to begin, the case was settled. Feagin was listed as a payee on two settlement checks.

Subsequently, the business relationship between Harman and Carragher deteriorated, and Feagin filed this action on Harman's behalf against Carragher. The action sought recovery of debts allegedly owed by Carragher to Harman, including recovery of half the expenses from the prior litigation.[1] Carragher then filed a motion to dis-

---

[1] Harman also alleged that Carragher was indebted to her in the amount of $8,108.51, representing excess profits allegedly withdrawn by Carragher as well as furnishings allegedly

qualify Feagin, which was denied without explanation by the trial court. Following a seven-day trial several months later, the jury awarded Harman $75,000, plus $5,250 interest against Carragher. The jury also found in favor of Dale Harman. Carragher appeals, raising several contentions. We reach only her contention that the trial court erroneously denied her motion to disqualify Feagin as counsel for the Harmans. We agree that the trial court erroneously denied Carragher's motion to disqualify, and we therefore reverse.

A party seeking disqualification "need only show that the matters embraced within the pending suit are *substantially related* to the matters or cause of action wherein the attorney previously represented him. If such a substantial relationship between the cases is shown, the court will then irrebuttably presume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation." (Citations and punctuation omitted.) *Summerlin v. Johnson*, 176 Ga. App. 336, 337 (1), 338 (335 SE2d 879) (1985).

1. We disagree with Harman's contention that this case and the prior litigation are not substantially related. Her allegation that Feagin did not represent Carragher in the prior case is belied by Feagin's notice of appearance, which specifically lists both Carragher and Harman, not as partners, but doing business as The Corner Cupboard. Here, Harman seeks to recover over $4,000 from Carragher as contribution toward litigation expenses incurred in the prior litigation, expenses that include those related to depositions taken by Feagin. The two actions are inherently related by virtue of the damages sought in this case.

Moreover, a lawyer in an abusive litigation claim must review the underlying case to determine if it is, in fact, abusive or frivolous. Of necessity and to represent his clients competently, Feagin was required to obtain sufficient knowledge of the underlying case and its parties to show the jury that the opposing parties had defended it without "substantial justification" or that they had "unnecessarily expanded" the action by improper conduct. *Yost v. Torok*, 256 Ga. 92, 95-96 (13) (344 SE2d 414) (1986). In fact, Feagin admitted that he met with the other attorneys representing The Corner Cupboard in the underlying case to familiarize himself with it, in preparation for litigation of the potential *Yost* claim. At least in part, then, the subject matter of both cases "overlapped." "The circumstance of representing a client against a former client in an action that is of the same general subject matter, and grows out of an event that occurred *dur-*

---

taken but not paid for by Carragher; she further alleged that Carragher received monies from a customer and failed to account to Harman regarding the disposition of the money and the profits.

*ing the time* of such representation, creates an *impermissible* appearance of impropriety." (Emphasis supplied and in original.) *Crawford W. Long Mem. Hosp. &c. v. Yerby*, 258 Ga. 720, 721 (3), 722 (373 SE2d 749) (1988). Here, the subject matter involved in the latter case arose out of the subject matter of the prior case, and the two cases clearly were substantially related. Disqualification of Feagin was mandatory. See *Johns v. Carr*, 196 Ga. App. 718, 719 (2) (397 SE2d 8) (1990).

Feagin's protests that the prior litigation "did not involve the divulgence of any confidential information" and averments to the same end are of no import. See *Summerlin*, supra, 176 Ga. App. at 338. Further, his opinion, as well as that of another attorney involved in the prior case, that he did not believe a meaningful or substantive attorney-client relationship existed between himself and Carragher and that the two actions were not substantially related is not persuasive. Such an opinion is merely a conclusory one on an ultimate issue and is not probative. See generally *E. H. Crump Co. &c. v. Millar*, 200 Ga. App. 598, 600 (3), 601 (409 SE2d 235) (1991).

Finally, Harman cites *Knoxville Med. Investors, Ltd. v. Nat. Healthcorp L.P.*, 192 Ga. App. 460 (385 SE2d 110) (1989), and *Nat. Media Svcs. v. Thorp*, 207 Ga. App. 70 (427 SE2d 61) (1993) in support of her argument that disqualification was appropriately denied. Those cases are inapposite. In both, the same subject matter was not involved in two separate actions, the circumstances of representation did not grow out of an event that occurred during the time of prior representation, and the actions involved were not substantially related. *Atwood v. Sipple*, 182 Ga. App. 831 (357 SE2d 273) (1987), also relied upon by Harman, is similarly distinguished from this case on its facts. There, we affirmed the denial of the motion to disqualify, finding that an attorney was not barred from representing two joint venturers against another when all three were involved in meeting with the law firm at the time the joint venture was formed. The prior representation in *Atwood* did not involve counsel's pursuit of claims arising out of prior litigation in which he was involved. The issue of recovery of litigation expenses is a fruit of the prior case, borne of the pursuit of claims there, and Feagin's representation of Harman against Carragher was clearly impermissible.

2. Just as we are not persuaded by arguments that the prior litigation was not substantially related to this litigation or did not arise out of the same general subject matter, we reject Harman's claim that Carragher waived her right to raise the disqualification issue. She argues that Carragher waited over 13 months to bring the motion to disqualify and meanwhile "served numerous discovery requests, filed two third-party complaints, and otherwise engaged in substantial litigation thereby waiving the disqualification claim first made formally

by motion in February of 1991."

The 13-month "delay" referred to by Harman is misleading. She initially filed suit in February 1990, but dismissed it April 18, 1990. In the interim between the first filing and the dismissal, Carragher's counsel wrote a letter to Feagin stating his view that Feagin was disqualified from representation of Harman against Carragher on the ground that he had represented both in prior litigation. He gave Feagin the opportunity to withdraw prior to his filing a formal motion to withdraw. He also offered to "cooperate to minimize any inconvenience caused the Plaintiff" as a result of the voluntary withdrawal of counsel and to discuss with new counsel "any reasonable extension or other arrangement regarding . . . the case in general," including discovery requests sent to plaintiff's counsel. Shortly after the letter was written, the lawsuit against Carragher was voluntarily dismissed. The case was refiled September 12, 1990. It would defy logic to find some obligation by Carragher to file a formal motion when the case had been dismissed and before any other case was filed.

Seven days after the suit was reinstituted, and prior to filing defensive pleadings, Carragher's counsel again sent preliminary discovery requests as well as a letter reiterating his position that Feagin was disqualified from representing Harman, but giving Feagin the opportunity to respond before a formal motion was filed. Feagin responded that the two cases were not substantially related and that he believed a motion to disqualify would be frivolous and "would be defended accordingly." Similar correspondence continued through January 10, 1991, with Carragher's counsel citing authority to Feagin in support of his position, and expressing concern that if the issue were resolved by motion, discovery complications would arise. He desired "to avoid . . . unnecessary duplication" in the event Feagin conducted depositions and was later disqualified and suggested that discovery be deferred. The final documented attempt by Carragher's counsel to persuade Feagin to withdraw was via letter dated January 10, 1991, where he again stated his position that Feagin should be disqualified. Despite attempts to resolve the matter without resort to court intervention, including the attempt by Carragher's counsel to avoid duplication and complication of discovery, Feagin remained inflexible. After the numerous attempts to reach an amicable solution failed, Carragher filed a formal motion to disqualify Feagin on February 15, 1991.

Given this evidence, Harman's contention that Carragher waived the disqualification issue is completely without merit. Carragher's counsel immediately placed Feagin on notice of his position and his intent to seek formal disqualification should an agreement not be reached. Harman contends that "substantial discovery" was undertaken. The record clearly shows, though, that Carragher's counsel of-

fered to extend discovery until the disqualification issue was resolved; yet Feagin was unwilling to agree to this proposal and threatened charges of frivolous litigation if a motion to disqualify were filed. The issue was not raised just on the eve of trial to Harman's detriment; it was raised within a practical time frame after the initial pleadings were filed and after initial, unsuccessful, attempts were made to resolve the issue amicably.

Because Feagin's representation of Harman against Carragher was impermissible and Carragher did not waive the issue of disqualification, the judgment below must be reversed. All other issues involved in the appeal and cross-appeal are moot in light of this holding.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

Decided February 23, 1996 —
Reconsideration denied March 15, 1996 — 

*Raiford, Dixon & Thackston, Tyler C. Dixon, Sheldon K. Fram,* for appellant.

*Decker & Hallman, Robert D. Feagin, Powell, Goldstein, Frazer & Murphy, John T. Marshall,* for appellees.