# Court of Appeals
# of the State of Georgia

ATLANTA,   September 28, 2022

*The Court of Appeals hereby passes the following order:*

**A23D0054. IN THE INTEREST OF R. N. R. B., A CHILD (MOTHER).**

In this application for discretionary appeal, the mother of R. N. R. B. seeks review of the juvenile court's order denying her motion to disqualify Anna Johnson from serving as the child's Guardian ad Litem. We, however, lack jurisdiction.

A trial court order on a motion to disqualify counsel is an interlocutory order. See *Knoxville Medical Investors v. Nat'l Healthcorp L.P.*, 192 Ga. App. 460, 460 (1) (385 SE2d 110) (1989); *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987). Thus, the mother was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) — including obtaining a certificate of immediate review — to challenge the juvenile court's order. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). And where both discretionary and interlocutory procedures may apply, an applicant must follow the interlocutory appeal procedures and obtain a timely certificate of immediate review from the trial court before filing an application. See *Scruggs*, 261 Ga. at 588-589 (1). The mother's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   09/28/2022*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*