A01A1250. MASJID AL-IHSAAN, INC. v. OUDA et al.
(553 SE2d 331)

MIKELL, Judge.

Masjid Al-Ihsaan, Inc. appeals the trial court's dismissal of its motion for a temporary restraining order against Ibrhim Ouda, Kamal Shelbayah, and Islam Shelbayah, the appellees herein. The trial court dismissed the motion on the grounds that the issue to be resolved was beyond its jurisdiction because it involved questions pertaining to religious practices. Based on our de novo review of the record,[1] we affirm.

The uncontroverted evidence shows that Masjid Al-Ihsaan ("Masjid") was incorporated on March 13, 1998, exclusively for charitable, religious, and educational purposes. After its incorporation, Masjid purchased property in Clayton County and subsequently constructed a mosque, a Muslim place of worship, on the property.

The corporation and mosque were governed by a five-member board of trustees (the "board"), of which appellee Ouda was an original member. The board elected Ouda as its chairman and as the religious leader of the mosque. However, on February 14, 2000, the other four trustees executed a warrant for Ouda's arrest for criminal trespass, after he formed another corporation and announced the election of a new seven-member board of trustees. On April 8, 2000, Ouda was relieved of his responsibilities as chairman of the board and as Masjid's religious leader by written consent of the four trustees of the original board.

In a letter from Masjid dated April 12, 2000, Ouda was directed to cease leading prayers and proselytizing members. The letter also stated that Ouda could come upon Masjid's property only for the five daily prayers, but could not arrive before or stay late after the daily

---

[1] We review the grant of a motion to dismiss de novo. *Project Control Svcs. v. Reynolds,* 247 Ga. App. 889, 891 (1) (545 SE2d 593) (2001).

prayers. On April 18, Masjid filed a petition for restraint of trespass against Ouda alleging that he was visiting the mosque daily for long periods of time for personal purposes, despite the board's instructions. Masjid also alleged that Ouda espoused teachings in violation of the teachings of the Holy Quran and the prophet Muhammad and that he continued to proselytize members. An order granting the petition was entered on that same day.

Two days before the order's expiration on August 18, 2000, Masjid filed two similar petitions against appellees Kamal Shelbayah and Islam Shelbayah. Kamal Shelbayah was also a trustee but had been removed by the board on August 13, 2000. Islam Shelbayah was Kamal Shelbayah's son and a member of the mosque. In its petitions against the Shelbayahs, Masjid sought to restrain their continuous trespass and repeated acts of wrongdoing upon its property. Masjid alleged that Kamal Shelbayah was proselytizing members and that Islam Shelbayah was forcefully leading prayers and had brought weapons on the property to intimidate members and trustees.

After a hearing on September 14, 2000, the trial court issued its order in all three cases. Relying on *United Baptist Church v. Holmes*,[2] the trial court dismissed Masjid's motions on the grounds that the day-to-day operations of a church are beyond its jurisdiction. This appeal followed.

In *Holmes*, Reverend Holmes challenged the validity of United Baptist Church's termination of his ministry and the church's excommunication of him from its membership, internal governing procedures, and authority.[3] This Court stated:

> [T]he propriety of the termination of plaintiff's pastorate, his expulsion from membership in United Baptist Church, and internal procedures, such as quorums and determination of membership in this church, are religious matters that the court shall not question, and any church action to bar him from the premises of the church are beyond judicial review. Such matters of faith, even when brought low to a secular plane, are not subject to judicial inquiry, since plaintiff's property rights were not involved.[4]

Masjid argues that the trial court's reliance on *Holmes* is misplaced because under *Holmes*, courts can determine the property rights of churches. We agree that courts are empowered to determine the

---

[2] 232 Ga. App. 253 (500 SE2d 653) (1998).
[3] Id.
[4] Id. at 254.

property rights of ecclesiastical organizations,[5] and that this proposition is supported by *Holmes*. However, we disagree with Masjid's argument that the trial court's reliance on *Holmes* is incorrect.

Before we can decide whether the four trustees can restrain the appellees from visiting the mosque, we would have to determine if they have the power to exercise that property right. That determination would be based on the mosque's internal procedures, which are beyond judicial review. Thus, we do not have jurisdiction to determine the property rights in this case and, therefore, affirm the dismissal of Masjid's motion.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 1, 2001 — 

*Millar & Mixon, Bruce R. Millar, John S. Mixon, Jr., Kimberly A. Gross, Mike Bothwell, Gregory M. Simpson*, for appellant.
*John A. Beall IV*, for appellees.

---

[5] See *Anderson v. Dowd*, 268 Ga. 146 (485 SE2d 764) (1997) (related to the dispute involved in *Holmes*, supra); see *Bagley v. Carter*, 235 Ga. 624 (220 SE2d 919) (1975).