## A03A1482. HORNE v. ANDREWS.
(589 SE2d 719)

RUFFIN, Presiding Judge.

Danny Horne, the pastor of the Ariel Bowen United Methodist Church, sued Leonard Andrews, a church official, who allegedly libeled and slandered Horne. Andrews moved for summary judgment, which the trial court granted. In its order, the trial court concluded that it lacked jurisdiction to address the claims. Specifically, the trial court found that it could not address the issue without delving into issues of church governance, "which is prohibited by the Free Exercise Clause of the United States Constitution." Horne appeals, asserting that the trial court: (1) erred in finding it lacked jurisdiction, (2) applied an incorrect standard of review, and (3) erred in finding that Andrews' statements were privileged. Horne's allegations of error lack merit, and we affirm.

The record reveals that Horne served as the Senior Pastor of the Ariel Bowen United Methodist Church. In 1999, Andrews became the chairman of the "Pastor Parish Relations Committee." According to Andrews, his duties included ensuring that the pastor and the congregation were working together for the benefit of the church and "advis[ing] Reverend Horne of the membership concerns of" the church.

Apparently, the members of the committee had concerns regarding Horne's leadership of the church. In February 2001, Andrews, along with four other members of the committee, drafted a document outlining their collective concerns, which they provided to Reverend Martha Forrest, the district superintendent of the North Georgia Conference. The document accused Horne of, among other things: (1) "refus[ing] to follow the United Methodist Discipline"; (2) failing to visit members who were ill or otherwise unable to attend church; (3) failing to participate in the church's stewardship campaign; (4) failing to meet or communicate with other church leaders; (5) failing to raise funds for the church; and (6) inappropriate behavior. Andrews also wrote a letter to Reverend Forrest and Bishop Lindsey, which stated that "Horne had arrived at church just in time for service."

Based on these two letters and a statement Andrews allegedly made to a fellow parishioner regarding Horne's improper use of a church-funded cell phone, Horne sued Andrews for libel and slander. According to Horne's complaint, "the publication of these false statements subjected [him] to humiliation, ridicule, contempt, and emotional distress and caused his ministry as pastor to suffer suspicion."

Andrews moved for summary judgment, arguing that (1) the resolution of Horne's claims would improperly involve the court in ecclesiastical and religious matters; (2) even if defamatory, Horne's statements are protected as intracorporate communications and thus

cannot serve as the basis for suit; and (3) Horne's failure to respond to requests for admissions mandated the grant of summary judgment in Andrews' favor. The trial court granted Andrews' motion for summary judgment, finding that resolution of the claim would indeed "require an impermissible inquiry into church governance." This appeal ensued.

1. "Civil courts have no jurisdiction to inquire into and to control the acts of the governing authority of a religious organization undertaken with reference to its internal affairs."[1] That is not to say, however, that our courts are prohibited from addressing all disputes that arise in an ecclesiastical context. Rather, our initial inquiry must be whether the "controversy relat[es] to the faith, teaching, doctrine, and discipline of the church such as expulsion from membership, internal procedures, quorums, or determination of membership in the church."[2] If so, Georgia courts will not mediate such disputes, which we are forbidden to do "by the constitutional safeguard of separation of church and state."[3]

Horne cites *First United Church v. Udofia*,[4] for the proposition that Georgia courts can adjudicate claims against church members who are alleged to have committed the intentional tort of slander. In *Udofia*, church members announced during services that the plaintiffs had inflicted bodily injury, stolen from others, and committed child abuse. This Court concluded that the statements, which were not made in the context of an ecclesiastical tribunal, were actionable in a civil court.[5] Specifically, the Court noted that the statements accused the plaintiffs of committing crimes under the law of Georgia and that "[s]uch conduct is not protected by the doctrine of separation of church and state."[6] However, the defendants also accused the plaintiffs of practicing witchcraft. And this Court concluded that it lacked jurisdiction to address this allegation of slander, finding that it "related to religious faith, belief, and practice."[7]

Here, unlike in *Udofia*, none of Andrews' allegedly slanderous statements accuses Horne of committing a criminal act.[8] Rather, the

---

[1] (Punctuation omitted.) *Jay v. Christian Methodist Episcopal Church*, 242 Ga. App. 833 (1) (531 SE2d 369) (2000).

[2] (Punctuation omitted.) *Kim v. Lim*, 254 Ga. App. 627, 632 (2) (563 SE2d 485) (2002).

[3] (Punctuation omitted.) Id.

[4] 223 Ga. App. 849 (479 SE2d 146) (1996) (physical precedent only).

[5] Id. at 851 (1).

[6] Id.

[7] Id. at 852.

[8] Horne claims that Andrews' statements that Horne assaulted a member of the church, refused to return a camcorder, and misused a cell phone can "reasonably be interpreted as charging Horne with violations of laws of Georgia." We disagree. We fail to see what, if anything, can be considered an allegation of assault, and Horne's brief does nothing to illuminate this claim. As for the camcorder, Horne's complaint shows that Andrews said Horne

statements upon which Horne predicated his complaint involve his alleged failure to: (1) participate in a stewardship campaign; (2) attend church meetings; (3) timely return a camcorder; (4) use funds for church repair; (5) properly use a church-funded cell phone; and (6) timely arrive for church service. In order to address whether these statements constitute slanderous or libelous statements, this Court would be required to inquire into church policy regarding such matters as a pastor's role in participating in stewardship programs, the proper use of church funds, and the proper time for a pastor to arrive at church. In other words, resolution of Horne's complaint would require us to do that which we cannot do: delve into church doctrine.[9] Thus, the trial court did not err in concluding that it lacked jurisdiction to address Horne's complaint.

2. Horne also contends that the trial court applied an incorrect standard in granting Andrews' motion for summary judgment. Specifically, Horne argues that the trial court necessarily "weighed the credibility of the parties and made findings of fact in granting summary judgment in favor of [Andrews]." What Horne fails to recognize is that, as a threshold matter, "[t]he trial court was obliged to inquire into its own jurisdiction."[10] "Jurisdiction either exists or does not exist without regard to the merit[s] of the case."[11] Here, the trial court properly concluded that resolution of Horne's complaint would require it to delve into matters of church governance. In reaching this conclusion, the trial court did not have to undertake any credibility assessments.[12] It follows that this claim of error lacks merit.

3. In view of our holding in Division 1, we need not address Horne's remaining allegation of error.

*Judgment affirmed. Barnes and Adams, JJ., concur. Smith, C. J., and Miller, J., disqualified.*

---

returned the camcorder. Finally, alleging "misuse of a cell phone" cannot be construed as alleging commission of a crime. "[W]here the plain import of the words spoken impute no criminal offense, they cannot have their meaning enlarged by innuendo." *Burrow v. K-Mart Corp.*, 166 Ga. App. 284, 286 (1) (304 SE2d 460) (1983).

[9] See *Jay*, supra at 834-835.

[10] *Udofia*, supra at 850.

[11] (Punctuation omitted.) *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 671 (1) (570 SE2d 1) (2002).

[12] Indeed, the trial court expressly stated that it viewed the evidence in a light most favorable to Horne and treated all of Horne's allegations as true.

Decided November 14, 2003.

*Audrey Johnson, Carol R. Horne*, for appellant.
*Miller & Martin, Thomas A. Cox, Jr., Kerry A. Lunz*, for appellee.