A10A1265. SRENG v. TRAIRATANARAM TEMPLE, INC. et al.
(696 SE2d 405)

JOHNSON, Judge.

Hok Sreng filed a lawsuit against Trairatanaram Temple, Inc. and Franklin T. Ly, alleging that the Temple's board of directors unlawfully revoked his membership in the Temple and his status as a Temple "advisor," and that Ly falsely imprisoned him by asking a police officer to remove him from the Temple's property. Following a hearing, the trial court dismissed Sreng's complaint. Sreng appeals, but we find no error and affirm.

Based on our de novo review of the record,[1] the uncontroverted evidence shows that the Temple is a religious organization located in College Park. On or about August 17, 2008, the board of directors of the Temple voted to revoke Sreng's membership in the Temple and his ceremonial position as an advisor to the Temple. The board also voted to prohibit Sreng from entering the Temple's premises for religious services.

On September 16, 2008, Ly, who served as a member of the board of directors and as president of the Temple, asked a police officer to remove Sreng from the Temple's premises and issue him a criminal trespass warning. The police officer did so, and the warning stated that Sreng would be arrested for trespass if he returned to the Temple's premises.

1. We first consider the trial court's dismissal of Sreng's claim that the Temple unlawfully terminated his membership and position as an advisor to the Temple. It is well established that Georgia courts

---

[1] See *Masjid Al-Ihsaan, Inc. v. Ouda*, 251 Ga. App. 25 (553 SE2d 331) (2001).

are prohibited by the First Amendment of the Constitution of the United States and Art. I, Sec. I, Par. IV of the 1983 Constitution of Georgia from "determining issues of expulsion of members, pastors, and the internal procedures of a religious entity."[2]

While "Georgia courts have jurisdiction over disputes involving a nonprofit corporation's board of directors as well as the disposition of church property by that board,"[3] here (i) Sreng was not a member of the Temple's board of directors and did not allege to hold any other position governed by the Temple's bylaws, and (ii) his membership and position as an "advisor" to the Temple did not involve any property right.[4] Similarly, despite Sreng's claim that the board of directors improperly voted to prohibit him from entering the Temple's premises, such matters of faith are not subject to judicial inquiry.[5] Because dismissal of a lawsuit is proper pursuant to OCGA § 9-11-12 (b) (1) when the trial court lacks subject matter jurisdiction, the trial court did not err in dismissing Sreng's claims related to the Temple's actions in revoking his membership and status as an advisor and in prohibiting him from entering the Temple's property.

2. The trial court also properly dismissed Sreng's claim that Ly falsely imprisoned him. Such a claim requires a showing that the plaintiff was unlawfully detained, for any length of time, whereby he is deprived of his personal liberty.[6] Here, Sreng alleges that he was falsely imprisoned when Ly asked a police officer to remove him from the Temple's property and give him a trespass warning. However, Sreng does not allege that he was detained or restrained, either by force or by threat of force, and he has therefore failed to properly raise a claim for false imprisonment.[7] Because the allegations of Sreng's complaint, even when construed in the light most favorable to him and with all doubts resolved in his favor, disclose with certainty that he would not be entitled to relief under any state of provable facts, the trial court properly dismissed his claim for false imprisonment.[8]

---

[2] *United Baptist Church v. Holmes*, 232 Ga. App. 253, 253-254 (500 SE2d 653) (1998); see also *Horne v. Andrews*, 264 Ga. App. 145, 146 (1) (589 SE2d 719) (2003).

[3] (Citation and punctuation omitted.) *Waverly Hall Baptist Church v. Branham*, 276 Ga. App. 818, 820-821 (1) (625 SE2d 23) (2005).

[4] See *United Baptist Church*, supra at 254 (termination of pastorate and expulsion from membership in church were "religious matters that the court shall not question" and did not involve plaintiff's property rights).

[5] Id.; see also *Masjid*, supra at 26.

[6] OCGA § 51-7-20.

[7] See *Shannon v. Office Max North America*, 291 Ga. App. 834, 836 (3) (a) (662 SE2d 885) (2008).

[8] *Fortson v. Hotard*, 299 Ga. App. 800, 802 (2) (684 SE2d 18) (2009).

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

Decided June 10, 2010 — 

*Michael B. King*, for appellant.
*Stuart M. Mones*, for appellees.