A11A2309. GILES v. HEYWARD.
(726 SE2d 434)

MCFADDEN, Judge.

Edward Heyward filed a defamation action against Daniel Giles, alleging slander per se. The case was tried before a jury, which returned a verdict in favor of Heyward, awarding him $125,000 in damages. The trial court entered judgment in that amount, and Giles appeals.

Giles argues that the doctrine of the separation of church and state precluded the trial court from exercising jurisdiction over this matter; but as the defamation claim is founded on accusations of conduct that would constitute crimes under the laws of Georgia, there was no impermissible inquiry into ecclesiastical matters. Giles enumerates as error the denial of his motion for directed verdict, but the evidence was sufficient to support the judgment. Giles complains that the trial court erroneously excluded evidence of an incident that occurred during a lunch recess, but he fails to show that the trial court made or was asked to make a ruling, and he fails to show that evidence as to the incident would have been relevant. Contrary to Giles's argument, we find that the trial court fully and accurately charged on the law of privileged communications. Finally, we find the evidence sufficient to support the damages award. We therefore affirm.

> Where the jury returns a verdict which the trial court enters as a judgment, the judgment must be affirmed on appeal if there is any evidence to support the verdict, because the jurors are the exclusive judges of the weight and credibility of the evidence. We must construe the evidence with every inference and presumption in favor of upholding the verdict.

(Citation omitted.) *Sagon v. Peachtree Cardiovascular & Thoracic Surgeons*, 297 Ga. App. 379 (677 SE2d 351) (2009).

So construed, the evidence shows that on March 18, 2008, a quarterly church meeting concerning church bills and upkeep was held at the Mt. Carmel Baptist Church in Savannah. Heyward, a deacon in the church, chaired the meeting, which was attended by approximately 25 to 50 people, including Heyward's wife. At the end of the meeting, Giles, who was not on the agenda, stood up and demanded to read a written declaration that he had prepared. In front of all those present, he read aloud from the document, accusing Heyward of having committed adultery on various occasions and of having attempted to steal money from the church. Heyward and others testified that the accusations were false, that he had never committed adultery or stolen money from the church. And Giles acknowledged that he did not have any facts to support the accusations.

1. Giles contends that the trial court did not have jurisdiction to hear the case because it involves church governance, faith and procedure. "It is true that civil courts have no power or authority to interfere in the internal affairs of a religious organization concerning

doctrines, faith, or belief." (Citations and punctuation omitted.) *First United Church v. Udofia*, 223 Ga. App. 849, 850 (1) (479 SE2d 146) (1996). Constitutional safeguards of the separation of church and state prohibit the civil judicial system from taking jurisdiction of such ecclesiastical issues. *Horne v. Andrews*, 264 Ga. App. 145, 146 (1) (589 SE2d 719) (2003); *First United Church*, supra. However, this does not mean "that our courts are prohibited from addressing all disputes that arise in an ecclesiastical context." *Horne*, supra. Where a dispute does not involve inquiry into church doctrine, faith or other ecclesiastical matters, the civil courts are not prohibited from adjudicating the dispute. *First United Church*, supra at 850-852 (1).

The instant case involves a defamation claim based on accusations of adultery and attempted theft, which are crimes under the laws of Georgia. See OCGA §§ 16-4-1, 16-6-19, 16-8-1 et seq. "To falsely accuse one of committing a crime constitutes the tort of slander. Such conduct is not protected by the doctrine of separation of church and state [merely] by utterance [of the accusations] during the course of a church [meeting]." (Citation omitted.) *First United Church*, supra at 851 (1). Because this case does not require an impermissible inquiry into ecclesiastical matters, and instead involves resolution of a slander claim, the trial court properly exercised its jurisdiction over the dispute.

2. Giles claims that the trial court erred in denying his motion for a directed verdict. A directed verdict is authorized only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict. OCGA § 9-11-50 (a). In reviewing the denial of a motion for directed verdict, we apply the "any evidence" rule, construing the evidence in favor of the party opposing the motion and affirming if there is any evidence to support the trial court's ruling. *Columbia County v. Doolittle*, 270 Ga. 490, 492 (1) (512 SE2d 236) (1999); *Teklewold v. Taylor*, 271 Ga. App. 664, 665 (610 SE2d 617) (2005). Here, as recounted above, the evidence, construed in favor of Heyward as the party opposing the motion for directed verdict, shows that Giles made false statements to others accusing Heyward of adultery and attempted theft. Contrary to Giles's argument, the evidence does not demand a verdict that these statements wrongfully imputing criminal behavior to Heyward were somehow privileged under OCGA § 51-5-7 (3) (statements made with good faith intent to protect speaker's interest); rather, because there is some evidence to support the trial court's denial of a directed verdict, we must affirm that ruling. See *Turnage v. Kasper*, 307 Ga. App. 172, 185 (1) (d) (i)

(704 SE2d 842) (2010) (denial of directed verdict affirmed where there was evidence that appellant wrongfully imputed a crime to another).

3. Giles complains that the trial court erroneously excluded testimony that Heyward tampered with a sequestered witness during a lunch recess. However, Giles has not shown that the trial court actually ruled that such testimony was inadmissible. He has cited to a portion of the transcript where, outside the jury's presence, Heyward was questioned about his encounter with the witness. But those pages do not reveal that the trial court was asked to, or did in fact, rule as to the admissibility of such testimony. It is well settled that the appellate courts will not cull the record in search of error on behalf of one of the parties. See *Diffley v. Marshall's at East Lake*, 227 Ga. App. 343, 345 (489 SE2d 123) (1997). Thus, Giles has failed to show that there is any trial court ruling excluding evidence that was made, challenged and preserved for appellate review.

Even if he had made such a showing, he has also failed to show that the evidence in question was relevant. It appears that the witness to whom Heyward spoke during the recess did not even testify at trial; and according to Heyward's unrefuted testimony, on his way out of the courtroom he merely "joked with [the witness], as usual," about going back to court. Giles has made no showing that this brief encounter had any bearing on the question of whether he slandered Heyward, and "evidence that does not bear directly or indirectly on the questions being tried should be excluded as irrelevant." (Citations and punctuation omitted.) *Smith v. Saulsbury*, 286 Ga. App. 322, 325 (2) (649 SE2d 344) (2007).

4. Giles argues that the trial court erred in failing to give his requested jury charge as to privileged statements. However, the record reveals that the trial court did in fact fully and accurately charge the jury on the law of privileged communications. Thus, even if we assume that the requested charge was correct and pertinent,

> it is not necessarily error to fail to charge it. We must look to the charge as a whole to determine whether the court substantially covered the principles embodied therein or whether it was sufficiently or substantially covered by the general charge. Further, a party cannot successfully complain about the refusal to give a requested charge unless they satisfy their burden of showing that the refusal was both erroneous and harmful.

(Citations and punctuation omitted.) *Bennett v. Moore*, 312 Ga. App. 445, 460 (4) (b) (718 SE2d 311) (2011). Because the trial court's charge

to the jury substantially and correctly covered the principles of privilege, and Giles cannot show that the refusal to give his requested charge was both erroneous and harmful, we affirm.

5. Giles challenges the sufficiency of the evidence supporting the award of damages. The challenge is without merit.

> [W]here, as here, the words uttered constituted slander per se by imputing the commission of a crime to another, the law infers an injury to the reputation without proof of special damages. Such an injury falls within the category of general damages, "those which the law presumes to flow from any tortious act; they may be recovered without proof of any amount." OCGA § 51-12-2 (a). Therefore, in this case, the measure or criterion of the general damages which the law infers as flowing from a slanderous statement which is actionable per se is the enlightened consciences of an impartial jury.

(Citations and punctuation omitted.) *Riddle v. Golden Isles Broadcasting*, 292 Ga. App. 888, 891 (1) (666 SE2d 75) (2008).

The court fully charged the jury on this law. We have reviewed the trial transcript, and given the evidence of damage to Heyward's reputation in the church community, "we cannot say that the jury's award of [$125,000] in general damages for slander per se was clearly so excessive as to be inconsistent with the preponderance of the evidence presented." *Riddle*, supra at 891 (1). Accordingly, the trial court did not err in failing to set aside the verdict.

*Judgment affirmed. Dillard, P. J., and Boggs, J., concur.*

DECIDED MARCH 8, 2012 —
RECONSIDERATION DENIED APRIL 6, 2012.

*Gwendolyn Fortson Waring*, for appellant.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Brent Jamieson Savage, Jr.*, for appellee.